[No. 25157. Department One. July 13, 1934.]

THE STATE OF WASHINGTON, *Respondent,* v. BESSIE LARSON, *Appellant.*[1]

*William G. Boland* and *Sherwood & Heiman,* for appellant.

*O. Sandvig* and *C. G. Walters,* for respondent.

MITCHELL, J.—Bessie Larson has appealed from a judgment upon a verdict of guilty of the crime of accepting money earned by a common prostitute.

[1]Reported in 34 P. (2d) 455.

The assignments of error raise two questions: (1) insufficiency of the information to charge a crime; and (2) insufficiency of the evidence to show intent and knowledge on the part of appellant.

The first of the two questions was raised by a general demurrer to the information and by a motion in arrest of judgment. The information charges that the appellant did knowingly "accept earnings, to wit, money, of a common prostitute," and is based on Rem. Rev. Stat., § 2440, subdivision 5, which makes it a crime to, among other things, "accept any earnings of a common prostitute."

The argument against the information is that it does not mention the name of the common prostitute whose earnings appellant is accused of accepting.

The offense involved has been created and defined by statute, and the appellant was charged with all the acts within the statutory definition of the crime. The offense was not against a person, the gist of it being accepting earnings of a common prostitute, and the charge in the language of the statute which, instead of simply naming the crime, defines the acts constituting it, is sufficient.

In *State v. Considine,* 16 Wash. 358, 47 Pac. 755, the defendant was accused of the violation of a statute prohibiting the employment of a female person in any saloon, etc., where intoxicating liquors were sold as a beverage. Discussing in that case the question, like the one in the present case, the court said:

"The defendant maintains that the information does not state a crime. A demurrer was interposed by defendant, but does not point out specifically the objection now made, that the information is fatally defective because it does not state the name of the female employed by the defendant. We have held an information against selling liquor without a license good which omitted the name of the person to whom the sale was

made, but which stated that the name was unknown to the prosecuting attorney. *State v. Bodeckar,* 11 Wash. 417 (39 Pac. 645). The gravamen of this crime is employing a female person by the defendant in the place prohibited by the statute. There would seem to be no good reason apparent why the name or names of the female persons employed should be specified.''

In *State v. Koerner,* 103 Wash. 516, 175 Pac. 175, upon this question the court said:

''The further contention is made by the appellant that the complaint upon which he was convicted does not state facts sufficient to constitute a crime, in that it fails to state to whom he sold liquor unlawfully. There is some conflict in the authorities as to whether it is necessary to name the purchaser in an indictment or information charging one with unlawfully selling intoxicating liquor. The better rule is tersely expressed in *Fletcher v. Commonwealth,* 106 Va. 840, 56 S. E. 149, where it is said: 'The gist of the offense is the unlawful sale, and the name of the person to whom it was made is immaterial.'

''This ruling is favored, without being expressly decided, in our own case of *State v. Bodeckar,* 11 Wash. 417, 39 Pac. 645, where we said:

'' 'The crime, under our statute, consists in the selling, and there would seem to be no reason why the name or names of the individual or individuals to whom the sale is made should be specified;'
citing *State v. Becker,* 20 Iowa 438; *State v. Schweiter,* 27 Kan. 499; *State v. Gummer,* 22 Wis. 422; *State v. Jaques,* 68 Mo. 260; *State v. Heldt,* 41 Tex. 220.''

*State v. Comer,* 171 Wash. 25, 17 P. (2d) 643, is to the same effect. The charge in that case was making and publishing a false statement of the amount of the assets of a savings and loan association, the charge being in the language of the statute. It was held that the information was sufficient, even though it did not state the names of the persons to whom the statement was given.

The rule of the cases just mentioned is applicable here for testing the sufficiency of the facts stated to constitute a crime. This rule is the modern well accepted one for charging the commission of statutory crimes where not simply the name but the elements of the offense are given in the statute, that is, to charge in the language of the statute defining the crime is sufficient. If anything more than a statement of those acts constituting the elements of the crime be needed by the defendant for the purposes of the trial, the trial court, within its discretion and inherent power, may require it to be furnished upon motion for a bill of particulars.

Upon the second question in the case, that of knowledge and intent on the part of the appellant, the evidence was abundant to convince the jury beyond reasonable doubt that the young girl who earned the money was a common prostitute, that she earned the money while staying at rooms controlled and managed by the appellant as a house of prostitution, that she received, while there, the visits of twelve men, that she, from time to time during those visits, put her earnings in a box provided for that purpose in the appellant's room, and that, on leaving the place, the money was divided so that the appellant got twelve dollars of it. The unfortunate girl testified positively to these facts, and was strongly corroborated in many essential particulars by other witnesses.

The judgment appealed from is affirmed.

BEALS, C. J., MAIN, MILLARD, and STEINERT, JJ., concur.