103 P.3d 209 (2004)
CITY OF SEATTLE, Appellant,
v.
Kyla TERMAIN, Respondent.
No. 52967-6-I.
Court of Appeals of Washington, Division 1.
December 20, 2004.
*210 James Kevin Kenny, City of Seattle/Public & Comm. Safety Div., Seattle, for Appellant.
Christine Anne Jackson, Seattle, for Respondent.
GROSSE, J.
A charging document alleging a violation of a domestic violence order must identify the order the defendant is alleged to have violated, or at least include sufficient facts to apprise the defendant of his or her actions giving rise to the charge(s). Here, the challenged complaint merely tracks the language of the ordinance, other than setting forth dates of the charging period. The complaint does not identify the specific order alleged to have been violated or the court granting the order. Further, it fails to contain any other factual basis for the charges. The decision of the trial court dismissing the charges is affirmed.

*211 FACTS
On May 5, 2002, the King County Superior Court issued a protection order prohibiting Kyla Termain from having contact with M.L. The order was served on Termain in court.
On June 11, 2002, and again on June 16, 2002, there was alleged lewd name calling or gesturing from Termain to M.L. while both were on Seattle streets. On July 18, 2002, the City charged Termain with two counts of violating a domestic violence order. The charging document alleged two counts using identical language with the exception of handwritten arrows and dates of "6/11" printed above Count I and "6/16" above Count II. The language of the charging document is as follows:
Between June 11, 2002 and June 16, 2002, in the City of Seattle, King County, Washington, the above-named defendant did commit the following offense(s):
Count 1 [or Count 2] Commit the crime of VIOLATION OF A DOMESTIC VIOLENCE ORDER by knowingly violating a restraint provision, a provision excluding him or her from a residence, workplace, school or daycare or a provision prohibiting him or her from knowingly coming within or knowingly remaining within a specified distance of a location of an order granted under Seattle Municipal Code Chapter 12A.06 by Seattle Municipal Court or of an order granted under Revised Code of Washington Chapter 10.99, Chapter 26.09, Chapter 26.10, Chapter 26.26, Chapter 26.50, Chapter 74.34 or an equivalent ordinance by a court of competent jurisdiction or knowingly violating a provision of a foreign protection order specifically indicating that a violation will be a crime issued by a court having jurisdiction over him or her and the person protected by the order and the matter under the law of the state, territory, possession, tribe or United States military tribunal, Contrary to Seattle Municipal Code Section(s): 12A.06.180-A
The matter was tried to a jury, which found Termain guilty on both counts.
Termain appealed to the superior court, alleging for the first time that the language of the charging document was insufficient. The superior court agreed and held:
Appellant [Termain] challenges the sufficiency of the complaint filed in this matter. Since the issue is first raised on appeal, the court must first determine if an essential element is missing. If it is, then the court must determine whether the missing element may be fairly implied from the language of the charging document. Appellant was charged and convicted of two counts of violating a domestic violence protection order. An essential element of this crime is the order alleged to have been violated. State v. Clowes, 104 Wash.App. 935, 18 P.3d 596 (2001). Although the complaint herein recites a litany of statutes under which the alleged protection order could have been issued, the charging document contains no reference whatsoever to the actual order the defendant is accused of violating. Thus, appellant is left to guess at the crime he is alleged to have committed. Moreover, since the complaint does not recite the statute pursuant to which the order was issued, the date of issuance or the name of the protected person, accordingly, the missing element may not be fairly implied from the language on the face of the complaint. Accordingly, the judgment from below is reversed and remanded for a new trial. State v. Kjorsvik, 117 Wash.2d 93, 812 P.2d 86 (1991). Given the disposition of this matter, appellant's remaining assignment of error need not be addressed.
The City sought discretionary review, which was granted.

ANALYSIS
The issue presented here is whether the charging document in a violation of a domestic violence order must identify the order the defendant is alleged to have violated, or at least include sufficient facts to apprise the defendant of his or her actions giving rise to the charge(s).[1]
*212 A charging document must describe the essential elements of a crime with reasonable certainty such that the accused may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense.[2] The essential elements rule requires that the information "allege facts supporting every element of the offense, in addition to adequately identifying the crime charged."[3] Again, the purpose of this rule is to "apprise the defendant of the charges against him or her and properly allow the accused to present a defense."[4]
Here, however, Termain did not challenge the information before or during trial, but waited until the appeal. Where the challenge is made for the first time on appeal, the court construes the charging document(s) more liberally in favor of validity than does a trial court when the charging documents are initially challenged before the rendering of a verdict.[5] The Supreme Court adopted a two-pronged inquiry in such cases. First, do the necessary facts appear in any form, or by fair construction can they be found in the charging document? If so, can the defendant show that he or she was nonetheless actually prejudiced by the inartful language which caused a lack of notice? If the charging document fails the essential elements test, the prejudice test is not reached.[6] Termain does not attempt to show prejudice, arguing only that the information is facially insufficient. If the charging document is found to be constitutionally defective the remedy is dismissal without prejudice to the prosecution for the refiling of charges.[7]
In the instant case, the information charged that Termain knowingly violated a restraint provision of an order granted under the Seattle Municipal Code (SMC) or a number of other chapters of the RCWs, or violating a provision of a foreign protection order, all contrary to SMC 12A.06.180-A. The complaint tracks the language of the ordinance, but other than setting forth the dates of the charging period, the complaint fails to specifically identify the order claimed to be violated or the court granting the order. Further, the charging document does not contain any factual basis for the charges or identify the victim, even by using initials. Some courts have held that the statute does not require the inclusion of either of these as an element of the offense. However, mere recitation of the statutory language is not always sufficient.[8] The core holding in Leach requires that a defendant be apprised of the elements of the charged crime and the conduct of the defendant which is alleged to have constituted the crime.[9] These critical facts must be found within the four corners of the charging document.[10]
The City's reliance on State v. Snapp[11] is misplaced. Snapp does not hold that the specific restraint provision is never necessary to charge a felony violation of a no-contact order. Instead, the Snapp court held that the charging language in that case was sufficient. There, the State specifically accused Snapp of violating an identified no-contact order when he assaulted his wife by hitting or kicking her. Those facts certainly were sufficient to apprise Snapp of the underlying crime charged.
*213 In domestic violence cases, the culpable act necessary to establish the violation of a no-contact order is determined by the scope of the predicate order.[12] The no-contact order is essential to prosecute the violation of the order. A conviction cannot be obtained without producing the order as it will identify the protected person or location and any allowance for contact or the expiration date.[13]
The superior court and Termain relied on the holding of State v. Clowes.[14] There, the defendant challenged a charging document for the first time on appeal. Clowes addressed the facts necessary to charge the crime of interfering with the reporting of a domestic violence offense. Clowes was charged with two counts. Count I charged a felony violation of a no-contact order, contrary to RCW 10.99.050, "by assaulting [the victim]."[15] Count II charged the interfering with the reporting of a crime of domestic violence (contained in Count I) and preventing or attempting to prevent it from being reported. In Clowes, the State did not dispute the argument that Count II, standing alone, was insufficient, but argued that Count II should be construed in conjunction with Count I, an argument the court rejected.[16] The Clowes court held that a court will not fill voids in a defective count with facts located elsewhere.[17] Although the Clowes case concerned two different counts, its reasoning nevertheless applies. Here, as in Clowes, the information lacks essential elements. As stated in Clowes, where there is no reference to the identity of the victim or to the underlying domestic violence order or facts of the crime, the information lacks an essential element.[18]
The City argues that Clowes is distinguishable because the relevant statute, interfering with the reporting of a domestic violence crime, necessitates that the victim and crime must be listed in the charging document but that the identity of the victim does not have to be disclosed in the information. But the definition of interfering with the reporting of domestic violence is no more specific than that for violation of a no-contact order. The City also argues that Clowes cannot be read to hold that a charging document, in general, is defective because it does not name the victim.
It is true that the cases cited by the City hold that the victim's name is not an essential element of a crime.[19] Those cases hold that the victim's identity is not an essential element of the crimes of assault, second degree murder, or accepting the earnings of a common prostitute. But those crimes involve an act involving another person, but not a specific person as does the violation of a nocontact order. The City is correct that criminal statutes which protect a particular class of persons do not require that the particular victim be named. But, in contrast, the violation of a no-contact order is only committed by contact with a particular person or location. And while we agree that the name of the victim may not be necessary in the information, identification of the specific no-contact order, the issuance date from a specific court, the name of the protected person, or sufficient other facts must be included in some manner.
The charging document here is awkwardly worded and vague. Frankly, it is gobbledygook. It charges the language of the statute *214 but it does not recite the specific statute pursuant to which the underlying order was issued, the number of the order, the date of issuance, or any underlying facts or the name of the protected person. There are many simple ways the City could have included bare facts in the charging document so that Termain could fairly imply what actual conduct was being charged. To fail to do so makes Termain guess at the crime alleged to have committed. The City should change its ways of charging these crimes.
The decision of the trial court is affirmed.
WE CONCUR: COLEMAN and AGID, JJ.
NOTES
[1] It appears from the record that there are judges of the superior court who have differing views on how this question should be answered. Thus, we have determined to publish this decision.
[2] State v. Leach, 113 Wash.2d 679, 689, 782 P.2d 552 (1989). Both statutory and implied elements must be included. State v. Kjorsvik, 117 Wash.2d 93, 102, 812 P.2d 86 (1991).
[3] Kjorsvik, 117 Wash.2d at 98, 812 P.2d 86 (emphasis omitted) (quoting Leach, 113 Wash.2d at 689, 782 P.2d 552).
[4] State v. Goodman, 150 Wash.2d 774, 784, 83 P.3d 410 (2004) (citing State v. Vangerpen, 125 Wash.2d 782, 787, 888 P.2d 1177 (1995)).
[5] Kjorsvik, 117 Wash.2d at 102, 812 P.2d 86.
[6] City of Auburn v. Brooke, 119 Wash.2d 623, 636, 836 P.2d 212 (1992).
[7] State v. Simon, 120 Wash.2d 196, 199, 840 P.2d 172 (1992).
[8] Kjorsvik, 117 Wash.2d at 98-99, n. 4, 812 P.2d 86; Leach, 113 Wash.2d at 688-89, 782 P.2d 552. (The statutory language is sufficient only when the statute defines the offense with certainty.)
[9] Kjorsvik, 117 Wash.2d at 98, 812 P.2d 86.
[10] Kjorsvik, 117 Wash.2d at 106, 812 P.2d 86.
[11] 119 Wash.App. 614, 82 P.3d 252 (2004).
[12] City of Seattle v. Edwards, 87 Wash.App. 305, 308, 941 P.2d 697 (1997).
[13] Edwards, 87 Wash.App. at 308, 941 P.2d 697.
[14] 104 Wash.App. 935, 18 P.3d 596 (2001).
[15] Clowes, 104 Wash.App. at 942 n. 3, 18 P.3d 596.
[16] Clowes, 104 Wash.App. at 942, 18 P.3d 596.
[17] Clowes, 104 Wash.App. at 942, 18 P.3d 596 (citing State v. Gill, 103 Wash.App. 435, 442, 13 P.3d 646 (2000)).
[18] At oral argument counsel for Termain indicated that a recitation of the specific order by its number as well as an indication of the court that imposed the order would be sufficient to apprise a defendant of the charge. We agree.
[19] See State v. Plano, 67 Wash.App. 674, 678-80, 838 P.2d 1145 (1992); State v. Johnston, 100 Wash.App. 126, 134, 996 P.2d 629 (2000); State v. Larson, 178 Wash. 227, 228-29, 34 P.2d 455 (1934).