FILED
COURT OF APPEALS
DIVISION II

2015 MAY 19 AM 9:06

STATE OF WASHINGTON

BY_____
DEPUTY

## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46068-8-II |
| Respondent, | |
| v. | |
| TIM MICHAEL DUGGINS, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. – Tim Michael Duggins appeals his convictions and sentence for second degree burglary and second degree theft that followed his termination from drug court. Duggins argues that (1) his jury trial waiver was invalid, (2) his charging document was constitutionally deficient, and (3) he received ineffective assistance of counsel when his attorney failed to argue during sentencing that his offenses constituted the same criminal conduct. Duggins makes additional assertions of ineffective assistance of counsel in his pro se statement of additional grounds (SAG).

Because the record shows that Duggins signed the drug court contract with the jury waiver provision and acknowledged understanding that contract, his jury trial waiver was valid. And, because the charging document sets forth the essential elements of his offenses and the necessary supporting facts, Duggins' claim of deficiency fails. Duggins cannot show with any reasonable probability that his sentence would have differed had trial counsel argued same criminal conduct, so his claim of ineffective assistance of counsel fails. His remaining claims also fail because Duggins shows no deficiency in his attorney's performance. We affirm the convictions and sentences.

FACTS

Duggins was arrested on suspicion of taking merchandise from an unlocked shed behind a consignment store. His arrest occurred after a witness identified him as the man who approached the closed store empty handed, looked into the windows and walked to the rear, and then left carrying two full grocery bags. After being read his *Miranda* rights,[1] Duggins admitted taking 75 pairs of designer sunglasses worth $1,500 that were stored in the shed. Officers obtained a warrant and found two bags of sunglasses in the trunk of his car.

The State charged Duggins with second degree burglary and second degree theft. The information described the charges as follows:

> **COUNT I - BURGLARY IN THE SECOND DEGREE, RCW 9A.52.030(1) - CLASS B FELONY**:
>
> In that the defendant, TIM MICHAEL DUGGINS, in the State of Washington, on or about June 19, 2013, with intent to commit a crime against a person or property therein, did enter or remain unlawfully in a building.
>
> **COUNT II - THEFT IN THE SECOND DEGREE, RCW 9A.56.040(1)(a), RCW 9A.56.020(1)(a) - CLASS C FELONY:**
>
> In that the defendant, TIM MICHAEL DUGGINS, in the State of Washington, on or about June 19, 2013, did wrongfully obtain or exert unauthorized control over property or services of another or the value thereof, with intent to deprive said person of such property or services, the value of which exceeds seven hundred and fifty dollars ($750.00).

Clerk's Papers (CP) at 3.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Pursuant to his request, Duggins was admitted into a drug court program. He signed a contract that specified his obligations under the program and the consequences of breaching those obligations. Item 18 of the contract explained:

> If he/she is terminated from the program, he/she agrees and stipulates that the Court will determine the issue of guilt on the pending charge(s) solely upon the law enforcement/investigative agency reports or declarations, witness statements, field test results, lab test results, or other expert testing, or examination such as fingerprint or handwriting comparisons, which constitute the basis for the prosecution of the pending charge(s). He/She further agrees and stipulates that the facts presented by such reports, declarations, statements, and/or expert examinations are sufficient for the Court to find him/her guilty of the pending charge(s).

CP at 6.

The contract also explained that in signing the contract, Duggins acknowledged that he understood and agreed to waive the following rights:

> a.      The right to a speedy trial pursuant to C.R. [sic] 3.3;
> b.      The right to a public trial by an impartial jury in the county where the crime is alleged to have been committed;
> c.      The right to hear and question any witness testifying against the defendant;
> d.      The right at trial to have witnesses testify for the defense, and for such witnesses to be made to appear at no expense to the defendant; and
> e.      The right to testify at trial.

CP at 6. The contract also contained the following paragraph:

> My attorney has explained to me, and we have fully discussed, all of the above paragraphs. My attorney has explained that my potential sentencing range is 22 to 29 and 12+ to 14 months. I understand them all and wish to enter into this Drug Court Program Contract. I have no further questions to ask the Judge.

CP at 7. Immediately below that paragraph is Duggins' signature, followed by this language and defense counsel's signature:

3

> I have read and discussed this Drug Court Program Contract with the defendant and believe that the defendant is competent to fully understand the terms of the Contract.

CP at 7. When the request to enter drug court was made, defense counsel referred to Duggins as the "driving force" behind the request to participate in the program and stated that Duggins had spent "a long time with that contract this afternoon." Verbatim Report of Proceedings (VRP) (Nov. 26, 2013) at 4. Defense counsel added that the contract included "all the standard language" and that he believed Duggins was signing it "with a full knowledge of the requirements of this court and what he's getting into." VRP (Nov. 26, 2013) at 4.

The trial court found that Duggins had read the entire contract, that defense counsel had read the contract to Duggins, and that Duggins understood the entire drug court contract. Noting that Duggins had "put a lot of thought into it," the trial court entered the drug court contract. VRP (Nov. 26, 2013) at 5.

The trial court terminated Duggins' participation in drug court after he failed to appear at a scheduled hearing and was arrested on a separate matter. The trial court found that the State had met its burden of proof and that Duggins was guilty as charged. The trial court then rejected Duggins' request for a DOSA sentence.[2] Based on an offender score of 6 that counted his current offenses separately, the trial court imposed concurrent standard range sentences of 25 months and 14 months.

Duggins appeals his convictions and sentences.

---

[2] DOSA is an abbreviation for a Drug Offender Sentencing Alternative imposed under RCW 9.94A.660.

ANALYSIS

A.    JURY TRIAL WAIVER

Duggins argues that his convictions were entered in violation of his right to a jury trial

and that reversal is required because the record does not show that he made a personal expression

of his desire to waive that right. We disagree.

"A criminal defendant may waive [his] constitutional right to a jury trial, as long as the

waiver of that right is voluntary, knowing, and intelligent." *State v. Hos*, 154 Wn. App. 238, 249,

225 P.3d 389, *review denied*, 169 Wn.2d 1008 (2010). "The State bears the burden of establishing

the validity" of such a waiver, and "we must indulge every reasonable presumption against waiver,

absent a sufficient record." *Hos*, 154 Wn. App. at 249-50. We review the validity of a defendant's

jury trial waiver de novo. *State v. Ramirez-Dominguez*, 140 Wn. App. 233, 239, 165 P.3d 391

(2007).

A written waiver is not determinative but is strong evidence that the defendant validly

waived the jury trial right. *State v. Pierce*, 134 Wn. App. 763, 771, 142 P.3d 610 (2006).

Washington courts do not require an extended colloquy on the record; the defendant's personal

expression of waiver is sufficient. *State v. Stegall*, 124 Wn.2d 719, 725, 881 P.2d 979 (1994) (no

"colloquy or on-the-record advice as to the consequences of a waiver is required for waiver of a

jury trial"); *see also State v. Downs*, 36 Wn. App. 143, 146, 672 P.2d 416 (1983) (finding waiver

valid where defendant and his attorney signed waiver form), *review denied*, 100 Wn.2d 1040

(1984).

Duggins' drug court contract explained that he acknowledged an understanding of, and

agreed to waive, "[t]he right to a public trial by an impartial jury in the county where the crime is

alleged to have been committed." CP at 6. Defense counsel stated in court that Duggins had spent considerable time studying the contract and that he believed Duggins signed it with full knowledge of its requirements. The trial court found that Duggins had read the entire contract, that his attorney had read it to him in full, and that Duggins understood all of the contract's provisions. The record demonstrates that Duggins knowingly, voluntarily, and intelligently waived his right to a jury trial.

## B.    CHARGING DOCUMENT

Duggins argues next that the information was constitutionally deficient because it failed to include critical facts. We review this challenge de novo. *State v. Williams*, 162 Wn.2d 177, 182, 170 P.3d 30 (2007).

An information must contain all essential elements of a crime to give the accused proper notice of the crime charged so that he can prepare an adequate defense. *Williams*, 162 Wn.2d at 183; *State v. Kjorsvik*, 117 Wn.2d 93, 101, 812 P.2d 86 (1991). To satisfy this requirement, the information must allege every element of the charged offense and the facts supporting the elements. *State v. Nonog*, 169 Wn.2d 220, 226, 237 P.3d 250 (2010).

We distinguish between charging documents that are constitutionally deficient and those that are merely vague. *State v. Leach*, 113 Wn.2d 679, 686-87, 782 P.2d 552 (1989). A constitutionally deficient information is subject to dismissal for failure to state an offense by omitting allegations of the essential elements constituting the offense charged. *Leach*, 113 Wn.2d at 686-87. An information that states each statutory element of a crime, but is vague as to some other significant matter, may be corrected under a bill of particulars. *Leach*, 113 Wn.2d at 687. A defendant may not challenge an information for vagueness on appeal if he did not request a bill of particulars at trial. *Leach*, 113 Wn.2d at 687.

When a charging document is challenged for the first time on appeal, as it is here, we must construe it liberally in favor of its validity. *Kjorsvik*, 117 Wn.2d at 105. In applying this liberal construction standard, we read the words in the charging document as a whole and consider whether the necessary facts appear in any form. *Williams*, 162 Wn.2d at 185; *Kjorsvik*, 117 Wn.2d at 109. If they do, we consider whether the defendant was "'nonetheless actually prejudiced by the inartful language which caused a lack of notice.'" *Williams*, 162 Wn.2d at 185 (quoting *Kjorsvik*, 117 Wn.2d at 105-06).

An information may rely on the language of a statute if the statute defines the offense with certainty. *Leach*, 113 Wn.2d at 686. There is no additional requirement that the State allege facts beyond those that support the elements or that the State describe the facts with great specificity. *State v. Winings*, 126 Wn. App. 75, 85, 107 P.3d 141 (2005).

The information in this case charged in the language of the burglary and theft statutes defining Duggins' crimes. It alleged that on or about June 19, 2013, Duggins entered or remained unlawfully in a building with intent to commit a crime against a person or property therein. RCW 9A.52.030(1). It alleged further that on or about June 19, 2013, Duggins wrongfully exerted control over property or services of another, with intent to deprive said person of such property or services, the value of which exceeded $750. RCW 9A.56.020(1)(a); former RCW 9A.56.040(1)(a) (2012). This language was sufficient to apprise Duggins of the elements of the charged crimes and the conduct that constituted those crimes.

But Duggins complains that the failure to specify the building he entered, the items he allegedly stole, and the victim of his crimes were critical facts that rendered the information vague and indefinite. Informations alleging crimes that involve an act against another person, as opposed

7

to a specific person, do not need to state the name of the victim. *City of Seattle v. Termain*, 124 Wn. App. 798, 805, 103 P.3d 209 (2004). Nor did the information need to identify the property taken. *State v. Tresenriter*, 101 Wn. App. 486, 494-95, 4 P.3d 145, 14 P.3d 788 (2000), *review denied*, 143 Wn.2d 1010 (2001). The remedy for any lack of specificity concerning these details was to request a bill of particulars.

Having found that the information contained all of the essential elements, we would normally proceed to the second prong of the *Kjorsvik* test to ask whether vague or inartful language prejudiced the defendant. 117 Wn.2d at 106. But Duggins has not argued that he was actually prejudiced. Rather, he asserts that no showing of prejudice is required. This showing is eliminated only if the information fails to include the essential elements, which Duggins' information did not. *See Termain*, 124 Wn. App. at 803 (if charging document fails essential elements test, prejudice test is not reached). Nor did Duggins request a bill of particulars, which is the proper mechanism for obtaining additional information. We hold that the information gave Duggins sufficient notice of the charged offenses and that his allegation of vagueness is waived.

C.    SAME CRIMINAL CONDUCT

Duggins argues that he received ineffective assistance of counsel when his attorney failed to argue during sentencing that his two crimes counted as one offense under the same criminal conduct rule. A claim of ineffective assistance of counsel is a mixed question of law and fact that we review de novo. *State v. Sutherby*, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

To demonstrate ineffective assistance, Duggins must show that his counsel's representation was deficient and that the deficiency was prejudicial. *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996). Counsel's performance was deficient if it fell below an objective standard

of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Matters that go to trial strategy or tactics do not show deficient performance. *State v. Rainey*, 107 Wn. App. 129, 135-36, 28 P.3d 10 (2001), *review denied*, 145 Wn.2d 1028 (2002). To establish prejudice, a defendant must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Hendrickson*, 129 Wn.2d at 78. We strongly presume that counsel was effective. *McFarland*, 127 Wn.2d at 335.

As stated, Duggins contends that he received ineffective assistance of counsel when his attorney failed to argue during sentencing that his burglary and theft convictions constituted the same criminal conduct. Multiple current offenses are counted separately for offender score purposes unless they encompass the same criminal conduct. RCW 9.94A.589(1)(a). Current offenses involve the same criminal conduct when they "require the same criminal intent, are committed at the same time and place, and involve the same victim." RCW 9.94A.589(1)(a).

The State does not dispute Duggins' assertion that his crimes constituted the same criminal conduct. The State argues, however, that when one of the current offenses is burglary, the burglary antimerger statute gives the sentencing judge discretion to punish a defendant separately for burglary, even where the burglary and an additional crime encompass the same criminal conduct. *State v. Lessley*, 118 Wn.2d 773, 781, 827 P.2d 996 (1992).

The burglary antimerger statute, RCW 9A.52.050, provides that "[e]very person who, in the commission of a burglary shall commit any other crime, may be punished therefor as well as for the burglary." Accordingly, the trial court properly exercised its discretion by counting both of Duggins' convictions toward his offender score. Although the trial court also had discretion to count the convictions as one, Duggins does not explain why the court would have exercised its

discretion in his favor had his attorney objected to the State's calculation of his offender score. Because Duggins does not show a reasonable probability that an objection would have caused the trial court to exercise its discretion differently, he cannot demonstrate prejudice. Therefore, his ineffective assistance of counsel claim fails.

D.    SAG

Duggins makes additional allegations of ineffective assistance of counsel in his SAG. He argues first that counsel should have argued that the value of the sunglasses was less than $300, thus making any theft conviction a misdemeanor instead of a felony. Duggins asserts that the sunglasses sold for only $6 to $10 in the consignment store.

The police reports show, however, that the sunglasses sold for $20 a pair and that Duggins confessed to taking 75 pairs. As part of the drug court contract, Duggins conceded that the trial court could consider the police reports in determining whether the State had proven the crimes charged. We see no deficient performance in this regard.

Duggins also argues that his attorney should have argued that he committed only misdemeanor trespass because he did not enter a building that was either open or closed. The record shows, however, that the sunglasses that Duggins admitted taking were stored in a closed shed. Here again, we see no deficiency in counsel's failure to make this argument.

Finally, Duggins asserts that his attorney talked him into the drug court program instead of fighting his charges at trial. The record shows that Duggins was the driving force behind his entry into drug court. As he informed the court, "It's something I want. Every time I hear these people come up and they have this certain amount of time clean, that's what I want too. . . . it's something I need to do, something I need to do for me and my family." VRP (Nov. 26, 2013) at 4-5. The

10

No. 46068-8-II

fact that Duggins did not succeed in drug court does not mean that his attorney rendered ineffective assistance in urging the court to accept him into that program.

We affirm the convictions and sentences.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Worswick, P.J.

Maxa, J.

11