# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  47295-3-II |
| Respondent, | |
| v. | |
| TRISTAN FELEPADIUDE BRIGHT, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, P.J.  —  A jury found Tristan F. Bright guilty of five counts of domestic violence court order violations (VNCO).[1]  Bright appeals, arguing that the trial court erred when it admitted evidence of Bright's 2012 VNCO convictions and abused its discretion when it admitted jailhouse phone recordings without proper authentication.  We hold that Bright fails to establish that these alleged errors warrant reversal because Bright's 2012 VNCO convictions were constitutionally valid and Bright waived his objection to admission of the recordings.  We affirm Bright's felony convictions.

---

[1] Former RCW 26.50.110(1)(a), (5) (2013).

## FACTS

### I. BACKGROUND

Lakesha Edwards and Bright dated for seven years. In June 2014, Bright came to Edwards's apartment, began yelling at her, and followed her outside when she ran out of the apartment to ask her neighbor for help. When police arrived, they discovered there were two existing no-contact orders prohibiting Bright from contacting Edwards.

On June 19, the State charged Bright with two counts of felony VNCO. In January 2015, the State filed an amended information adding three felony VNCO charges, alleging that Bright had contacted Edwards from jail by phone three times. All five charges were alleged to be felonies based on Bright's two 2012 VNCO convictions.

### II. MOTION TO EXCLUDE THE 2012 CONVICTIONS

Pretrial, Bright moved to exclude the 2012 VNCO convictions arguing that his *Alford*[2] guilty plea was unconstitutional because it did not refer to facts that support the charges, state that Bright read the police report or certification, nor express that his attorney read it to him. The State provided the trial court with the 2012 pleadings, including the second amended information, Bright's statement of defendant on plea of guilty, a probable cause declaration, and a transcript from Bright's plea hearing for these convictions.

On his 2012 written statement of defendant on plea of guilty, Bright acknowledged that the elements of the crimes to which he would plead guilty were "set out in the 2nd amended Information," initialed that he received and reviewed the second amended information, and checked the box to authorize the court to review the State's declaration of probable cause to

---

[2] *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

establish a factual basis for his plea. Clerk's Papers (CP) at 115. Bright also signed the guilty plea form.

The State's January 2012 second amended information under cause number 11-1-03470-6 included two VNCO charges, which both stated that with knowledge that Pierce County Superior Court had previously issued a no-contact order "in Cause No. 08-1-03837-0 and/or 10-1-01528-2 and/or 11-1-03470-6, [Bright] did unlawfully violate said order by knowingly violating the restraint provisions therein by contacting Lakesha Edwards." CP at 111-12. The second amended information also stated that both counts violated former RCW 26.50.110(1) (2009).

The declaration of probable cause stated that Pierce County previously issued two domestic violence orders under cause numbers 08-1-03837-0 and 10-1-01528-2, prohibiting Bright from contacting Edwards and with expiration dates of May 1, 2014 and September 29, 2015, respectively.

The court, while accepting Bright's *Alford* plea in 2012, confirmed with Bright that he understood everything in the second amended information, the charges, his guilty plea statement, and the consequences of his plea, including sentencing ranges. Bright agreed that he wished to plead guilty in order to take advantage of a plea offer even though he did not believe he was guilty of these offenses and confirmed that he understood that his *Alford* plea had the same effect of a guilty plea on each charge. The court reviewed the declaration of probable cause, found a factual basis for the plea and stated that Bright's plea was given knowingly, voluntarily, and intelligently.

After considering the above information regarding Bright's 2012 VNCO convictions, the 2015 trial court found that Bright's plea under cause number 11-1-03470-6 was a "valid, knowing, intelligent guilty plea." Report of Proceedings (RP) (Jan. 27, 2015) at 126. The trial court thus

denied Bright's motion to exclude the prior VNCOs. Thereafter, Bright stipulated that he had these two prior convictions.

### III. MOTION TO EXCLUDE THE PHONE RECORDINGS AND CONVICTION

Pretrial, Bright also requested an evidentiary hearing on the admissibility of three jailhouse phone recordings. He moved to suppress statements in the calls that he asserted were irrelevant, prejudicial, and/or hearsay. At the evidentiary hearing, Bright objected to the admission of these recordings, first on the ground that the calls presented confrontation clause issues, and second because the recordings each contained prejudicial and irrelevant information. Bright then stated, "[T]he defense doesn't have any issue with the authentication of the calls" and only claimed that the records referred to by the State's witness when discussing the recordings were not "appropriate business records." RP (Jan. 21, 2015) at 62-63. The trial court ruled that the jailhouse phone recordings were admissible.

The jury found Bright guilty as charged. The jury found he had prior convictions that elevated his VNCO convictions to felonies. Bright appeals.

### ANALYSIS

### I. PRIOR CONVICTIONS WERE CONSTITUTIONALLY VALID

Bright argues that the trial court erred when it admitted his 2012 VNCO convictions because his plea to those crimes was constitutionally insufficient. We disagree.

#### A. STANDARD OF REVIEW AND RELEVANT RULES OF LAW

We review constitutional challenges de novo. *State v. Vance*, 168 Wn.2d 754, 759, 230 P.3d 1055 (2010). The Sixth Amendment to the United States Constitution provides that a defendant shall be informed of the nature and cause of the accusation. To be valid, a guilty plea

4

must be intelligently and voluntarily made and with the knowledge that certain rights will be waived. *State v. Branch*, 129 Wn.2d 635, 642, 919 P.2d 1228 (1996).

A defendant is adequately informed of the nature of the charges if made aware of the acts and state of mind necessary to constitute the crime. *State v. Holsworth*, 93 Wn.2d 148, 153 n.3, 607 P.2d 845 (1980). An information that notifies the defendant of the nature of the crime to which he pleads guilty creates a presumption that the plea was knowing, intelligent, and voluntary. *See State v. Osborne*, 102 Wn.2d 87, 94-95, 684 P.2d 683 (1984) (holding language of an information was sufficient to make defendants aware of the elements of a crime charged). The court may examine written statements, such as a plea statement, to ascertain the defendant's understanding of the charges. *Osborne*, 102 Wn.2d at 94. A defendant's signature on a plea form is taken as "strong evidence of a plea's voluntariness." *Branch*, 129 Wn.2d at 642. The court may also consider the trial court's inquiries and a defendant's responses regarding the nature and consequences of a plea to determine if it was knowing and voluntary. *See Branch*, 129 Wn.2d at 643-44.

## B. Guilty Plea Sufficiently Knowing and Voluntary

Bright claims that the specific statutes under which the prior protection orders were entered were an "essential requirement" or a "critical element" that should have been included in the second amended information and that their omission from the 2012 information, as well as from his related plea statement and plea hearing, shows that he was not "aware of the nature and elements of the crimes to which he was pleading guilty." Br. of Appellant at 10. Specifically, he argues that the omission from the second amended information of the specific statutes under which

his prior VNCOs were issued made his plea unknowing and involuntary and, therefore, unconstitutional. We disagree.

Bright cites to *City of Seattle v. Termain*, 124 Wn. App. 798, 806, 103 P.3d 209 (2004), to support his contentions. But *Termain* does not support Bright's argument. *Termain* held that a "charging document must describe the essential elements of a crime with reasonable certainty such that the accused may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense." 124 Wn. App. at 802. Specifically, *Termain* concluded that identification of the specific statute pursuant to which the underlying order was issued, the specific no-contact order number, the issuance date from a specific court, the name of the protected person, or sufficient other facts must be included in some manner such that there are enough bare facts in the charging document that could fairly imply what actual conduct was being charged. 124 Wn. App. at 805-06.

Here, the second amended information did not apprise Bright of which specific statutes the orders he violated in 2012 were issued under, but the information charging Bright contained other sufficient facts pursuant to *Termain*. Regarding both 2012 counts, the information identified the protected party, Edwards, by name, the county, Pierce, in which the order was entered, and the specific cause numbers associated with the orders.

Additionally, the second amended information states that Bright's 2012 violations were "contrary to RCW 26.50.110(1)." CP at 111-12. Former RCW 26.50.110 (2013) governs VNCOs and lists the statutes under which a protection order may be granted: "chapter 7.92, 7.90. 9A.46, 9.94A, 10.99, 26.09, 26.10, 26.26, or 74.34 RCW." Former RCW 26.50.110(1)(a) (2013). The

inclusion of former RCW 26.50.110(1) (2013) thus at least notified Bright of the specific statutes under which the orders he violated could have been issued.

Finally, Bright's written guilty plea statement, the State's declaration of probable cause, and Bright's plea hearing show that Bright was aware of the nature and elements of the crimes to which he pleaded guilty under cause number 11-1-03470-6. In his written guilty plea statement, Bright agreed that the court could review the State's declaration of probable cause to establish a factual basis for his plea. This declaration included his past domestic violence protection orders under cause numbers 08-1-03837-0 and 10-1-01528-2 and their expiration dates of May 1, 2014 and September 29, 2015, neither of which had expired when he violated the orders.

Additionally, at his 2012 plea hearing, Bright stated that he understood he was being charged with two counts of VNCO, that he understood the charges, and that he wished to plead guilty. The court found that there was a factual basis for his plea and that his plea was given knowingly, voluntarily, and intelligently. Bright signed the guilty plea form. *Branch*, 129 Wn.2d at 642. And the 2012 court properly examined Bright's written plea form and his statements at the plea hearing to ascertain his understanding of the charges. These facts demonstrate that Bright's plea was voluntary, that the court properly examined Bright's understanding of the charges, and that Bright was adequately made aware of the conduct and state of mind necessary to constitute the crime. *See Branch*, 129 Wn.2d at 642-44; *Osborne*, 102 Wn.2d at 94; *Holsworth*, 93 Wn.2d at 153.

We conclude that the information, the probable cause declaration, Bright's plea form, and the hearing included enough facts and proper procedure to fairly imply to Bright the nature of the crime being charged to which he pleaded guilty creating a presumption that his plea was knowing

and voluntary. *Termain*, 124 Wn. App. at 805-06; *Holsworth*, 93 Wn.2d at 153. We hold that Bright's 2012 guilty plea was constitutionally sufficient and, accordingly, was properly admitted at trial.

## II. BRIGHT FAILED TO PRESERVE AUDIO AUTHENTICATION ARGUMENT FOR APPEAL

Next, Bright argues that the trial court abused its discretion when it admitted the jailhouse phone recordings without proper authentication. We conclude that Bright failed to preserve this argument for appeal.

An appellate court may refuse to review claimed error that was not raised in the trial court. RAP 2.5(a). A party objecting to the admission of evidence must make a timely and specific objection in the trial court. ER 103. Objections to the admission of evidence will not be considered for the first time on appeal unless based on the same ground asserted at trial. *State v. Kirkman*, 159 Wn.2d 918, 926, 155 P.3d 125 (2007).

Bright did not move to exclude the recordings based on lack of authentication. In fact, Bright specifically stated that the defense did not object to the recordings on the basis of authentication. Instead, Bright objected based on the confrontation clause, prejudice, relevancy, and the business records exception.

Accordingly, we decline to consider Bright's argument that the jailhouse phone recordings were not properly authenticated because this objection was not raised at trial. RAP 2.5(a); *Kirkman*, 159 Wn.2d at 926.

No. 47295-3-II

We affirm Bright's convictions.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, P.J.

We concur:

MELNICK, J.

SUTTON, J.