# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| THE STATE OF WASHINGTON,<br><br>Respondent,<br><br>v.<br><br>SAMUEL WHITFIELD,<br><br>Appellant. | No. 85526-3-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

BIRK, J. — Samuel Whitfield appeals his conviction, arguing the charging document was constitutionally deficient and the trial court erred in failing to exercise its discretion to meaningfully consider a drug offender sentencing alternative (DOSA), RCW 9.94A.660. Whitfield also argues, and the State concedes, the trial court erred in ordering community custody conditions and imposing the victim penalty assessment (VPA) fee. We affirm Whitfield's conviction and remand for the trial court to strike the community custody conditions and the VPA fee.

I

Whitfield and Shannon Traxler met in 2016 and dated for approximately five years. On March 15, 2022, the Tukwila Municipal Court issued a domestic violence no-contact order prohibiting Whitfield from, among other things, contacting Traxler "directly, indirectly, in person, or through others." The order was valid for five years.

On June 8, 2022, Traxler went to the Tukwila Municipal Court to attend a hearing. Traxler, accompanied by her friend, met her victim advocate, Lana Umbinetti, and all three entered the courtroom. Whitfield was already in the courtroom when they arrived. After a few minutes, Whitfield walked over to Traxler's friend and handed her a green folder. Traxler testified she heard Whitfield say that " 'it was for Shannon.' " The friend showed the folder to Umbinetti, who reviewed it and testified it contained a letter, which was addressed to Traxler. A few minutes later, Whitfield walked back over and tried unsuccessfully to grab the folder from Traxler's friend, stating, " 'That's not for you.' " Umbinetti left the courtroom with Traxler and called the records department to connect to the nonemergency dispatch to report the violation of a no-contact order. An officer responded to the courthouse and arrested Whitfield for violating the domestic violence no-contact order.

The State charged Whitfield with one count of domestic violence felony violation of a court order. The information alleged

> [t]hat the defendant [Whitfield] in King County, Washington, on or about June 8, 2022, did know of and willfully violate the terms of a court order issued on 3/15/2022 by the Tukwila Municipal Court pursuant to RCW chapter 10.99, for the protection of [Traxler], and at the time of the violation having at least two prior convictions for violating provisions of an order issued under RCW chapter 10.99, 26.50, 26.09, 26.10, 26.26, or 74.34, or under a valid foreign protection order as defined in RCW 26.52.020.
>
> Contrary to RCW 26.50.110(1),(5), and against the peace and dignity of the State of Washington.
>
> And further do accuse [Whitfield], at said time of committing the above crime against an intimate partner as defined in RCW

2

26.50.010(7), which is a crime of domestic violence as defined in RCW 10.99.020.

Whitfield never challenged the information as insufficient, asked for a bill of particulars, or objected that he had not been adequately informed of the charges against him. Whitfield was convicted following a jury trial.

Upon Whitfield's request, the trial court ordered a DOSA screening and presentence examination. Whitfield filed a presentence report in which he requested the trial court impose a DOSA as an alternative to a determinate sentence. The Department of Corrections completed a residential DOSA examination report. The report found that Whitfield was "assessed and diagnosed per RCW 9.94A.660," without treatment there was a probability of future criminal behavior, and Whitfield would benefit from treatment. The defense supported its filing with medical records and statements from Whitfield's primary care doctor, LEAD[1] program case manager, and a social worker.

At sentencing, Whitfield argued a DOSA was appropriate because he had turned back to drugs when his relationship with Traxler ended, and he was "using substances" when he wrote the letter. The State agreed Whitfield was eligible for a DOSA, but argued it was not appropriate because there was no evidence presented that Whitfield's actions in the case resulted from the influence of drugs. Traxler described injuries she had received from Whitfield in the past and expressed continued fear. The trial court stated it had "carefully considered the parties' written submissions, also the arguments and statements that were made

---

[1] "LEAD" stands for "Law Enforcement Assisted Diversion." https://leadkingcounty.org/ - what-we-do.

3

at our last sentencing hearing[2] . . . and . . . considered the arguments made today." The trial court both denied Whitfield's request for an exceptional downward sentence based on the purposes of the Sentencing Reform Act of 1981, chapter 9.94A RCW, and concluded "this is not an appropriate case for a DOSA disposition." The trial court sentenced Whitfield to the standard range term of 60 months, also the statutory maximum, imposed the $500 VPA fee, and waived all nonmandatory fees and costs. The judgment and sentence also checked "Appendix H for Community Custody conditions," which listed, but did not check, conditions specific to domestic violence offenses. Whitfield appeals.

II

Whitfield argues for the first time on appeal that the information was constitutionally deficient for failing to allege particular facts supporting a domestic violence felony violation of a court order.

We review challenges to the sufficiency of the information de novo. State v. Zillyette, 178 Wn.2d 153, 158, 307 P.3d 712 (2013). When a challenge to the constitutional sufficiency of a charging document is raised for the first time on appeal, we construe the charging document liberally. State v. McCarty, 140 Wn.2d 420, 425, 998 P.2d 296 (2000). Reviewing courts apply a two step inquiry: (1) do the necessary facts appear in any form, or by fair construction can they be found in the charging document, and if so, (2) can the defendant show that they were nonetheless actually prejudiced by the inartful language, which caused a lack of

---

[2] Whitfield's first sentencing hearing was continued to allow for additional briefing regarding Whitfield's proper offender score.

notice. State v. Kjorsvik, 117 Wn.2d 93, 105-06, 812 P.2d 86 (1991). If the necessary elements are not found or fairly implied, we presume prejudice and reverse without reaching the second prong and the question of prejudice. Zillyette, 178 Wn.2d at 163. Whitfield does not attempt to show prejudice, and argues instead that the information lacks all of the essential elements.

Under the Sixth Amendment and article I, section 22 of the Washington Constitution, charging documents must contain all of the essential elements of the charged crime. State v. Pry, 194 Wn.2d 745, 751, 452 P.3d 536 (2019). "The information is constitutionally adequate only if it sets forth all essential elements of the crime, statutory or otherwise, and the particular facts supporting them." State v. Hugdahl, 195 Wn.2d 319, 324, 458 P.3d 760 (2020). An "essential element is one whose specification is necessary to establish the very illegality of the behavior" charged. State v. Johnson, 119 Wn.2d 143, 147, 829 P.2d 1078 (1992). We distinguish between charging documents that are constitutionally deficient and those that are merely "vague." State v. Leach, 113 Wn.2d 679, 686, 782 P.2d 552 (1989). An information that states each statutory element of a crime, but is vague as to some other significant matter, may be corrected under a bill of particulars. Id. at 687. A defendant may not challenge an information for vagueness on appeal if they did not request a bill of particulars at trial. Id.

Felony violation of a court order has five essential elements: (1) the existence of a no-contact order applicable to the defendant, (2) the defendant knew of the existence of the no-contact order, (3) the defendant knowingly violated a provision of the no-contact order, (4) that at the time of the violation, the defendant

had twice been previously convicted for violating the provisions of a court order, and (5) the defendant's act occurred in Washington. Former RCW 26.50.110(1),(5) (2019), repealed by LAWS OF 2021, ch. 215, § 170 (repeal effective July 1, 2022).[3]

Whitfield argues the information was insufficient because it failed to allege in what manner he violated the terms of the court order and where the alleged violation took place. Relying on City of Seattle v. Termain, 124 Wn. App. 798, 103 P.3d 209 (2004), Whitfield argues a charging document is constitutionally deficient when it does not allege what violative conduct was being charged. Whitfield's reliance on Termain is misplaced. In Termain, we held that a complaint alleging a misdemeanor violation of a domestic violence order must identify the order alleged to have been violated, or must include other sufficient facts to apprise the defendant of the actions supporting the charges to satisfy the essential elements rule. 124 Wn. App. at 805. There, the charging document recited apparently statutory language listing various statutes authorizing no-contact orders, but did not identify the specific statute under which the order alleged to have been violated was issued. Id. at 803. Nor did it identify the underlying domestic violence order, the date of issuance, the name of the protected person, or any other facts about the order. Id. at 805. Even applying the liberal construction standard, id. at 802, we concluded that absent this information, the defendant could not fairly imply what

---

[3] Although the legislature has repealed this statutory provision since the date of Whitfield's crimes, this change does not affect our analysis.

actual conduct was being charged and had to guess at the crime he was alleged to have committed, id. at 806.

Construed liberally, and in favor of validity, Whitfield's information sufficiently informed him about the essential elements of his charges. The information alleges that on or about June 8, 2022, Whitfield (1) knew of the terms of the March 15, 2022 court order issued by the Tukwila Municipal Court for the protection of Traxler, (2) willfully violated that court order, (3) at the time of the violation, had at least two prior convictions for violating the provisions of a court order, and (4) this occurred in King County, Washington. Unlike Termain, the information specifies the underlying order, its date of issuance, and the name of the protected person. While the information does not explicitly define in what manner Whitfield violated the March 15, 2022 court order, "the culpable act necessary to establish the violation of a no-contact order is determined by the scope of the predicate order." Id. at 804. By identifying the predicate order, the State placed Whitfield on notice of his violative conduct. If Whitfield had believed the charge against him was vague, his recourse was to request a bill of particulars. Leach, 113 Wn.2d at 687.

Whitfield makes a passing claim that he is entitled to reversal of his conviction because the lack of detail in the information exposes him to being recharged with the same offense in violation of his right to be free from double jeopardy. Whitfield's double jeopardy argument is insufficiently developed to satisfy the requirements of RAP 10.3(a)(6). It therefore does not warrant review on the merits. Brownfield v. City of Yakima, 178 Wn. App. 850, 876, 316 P.3d 520

7

(2013) ("Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.").

III

Whitfield argues the trial court erred by failing to exercise its discretion to meaningfully consider a DOSA. We disagree.

Trial courts have "considerable discretion" when determining whether an alternative sentence is appropriate. State v. Hender, 180 Wn. App. 895, 900-01, 324 P.3d 780 (2014). While a trial judge's decision whether to grant a DOSA is not generally reviewable, an offender may always challenge the procedure by which a sentence was imposed. State v. Grayson, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). "While no defendant is entitled to an exceptional sentence below the standard range, every defendant *is* entitled to ask the trial court to consider such a sentence and to have the alternative actually considered." Id. at 342. A court that fails to consider a requested alternative abuses its discretion. Id.

In Grayson, the trial court's stated reason for denying a DOSA request was because it thought the program was underfunded. Id. Our Supreme Court held that a court's "categorical refusal to consider [a DOSA] sentence, or the refusal to consider it for a class of offenders, is effectively a failure to exercise discretion and is subject to reversal." Id. The court held that the trial court did not meaningfully consider a DOSA sentence because the trial court did not articulate any other reasons for denying the DOSA except its belief that the program was underfunded. Id. The court remanded for the trial court to consider whether Grayson was an appropriate candidate for a DOSA. Id. at 343.

Here, unlike <u>Grayson</u>, the trial court did not categorically refuse consideration of Whitfield's DOSA sentence request. The trial court meaningfully considered the sentencing alternative by requesting a DOSA report from the Department of Corrections and hearing argument from the parties, including the State's argument there was a lack of evidence that Whitfield's actions were a result of drug abuse. The trial court subsequently decided a DOSA sentence was not appropriate. The trial court did not abuse its discretion in denying Whitfield's DOSA request.

IV

Whitfield argues the trial court erred in ordering community custody conditions in excess of the statutory maximum for the offense and the trial court further erred in imposing the VPA fee. The State concedes remand is appropriate to strike both the community custody conditions and the imposition of the VPA. We accept the State's concessions and remand for both the fee and the community custody conditions to be stricken as a ministerial matter.

We affirm Whitfield's conviction and remand to allow the trial court to strike the community custody conditions and imposition of the VPA as a ministerial matter.

_Birk, J._

WE CONCUR:

_Díaz, J._      _Smith, C.J._