IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 39866-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| GILBERT GARCIA, JR., | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Gilbert Garcia appeals his conviction for child molestation in the first degree. He argues he should receive a new trial because the second amended information was constitutionally deficient. He alternatively argues that he should be resentenced because the trial court violated the real facts doctrine when it imposed a high-end standard range sentence. We disagree with his first argument, agree with his second, and remand for resentencing.

FACTS

Gilbert Garcia dated Deborah F., and the two lived together for several years. Deborah is the grandmother of M.M.,[1] born in 2009. On June 20, 2018, M.M.'s mother reported to law enforcement that her daughter told her Garcia had shown her pornographic material, had shown her how to access it on the Internet, and would touch her private parts and butt. Based on this report, law enforcement directed the mother to take M.M. to the hospital for a sexual assault examination. M.M. described to the nurse how Garcia had molested her.

The mother told law enforcement that M.M. had slept in her mother's camper with Garcia a couple nights earlier, and the mother gave law enforcement the nightgown her daughter had worn that night. The nightgown tested positive for Garcia's semen.

M.M. told law enforcement of an occasion, around July 2017, when she had stayed the night at "Lisa's house" with Garcia. Clerk's Papers (CP) at 6. At the time, Lisa was not at her house. M.M. described how, on that occasion, she was molested by Garcia.

---

[1] To protect the privacy interests of the child victim, we use their initials throughout this opinion. Gen. Order 2012-1 of Division III, *In re the Use of Initials or Pseudonyms for Child Victims or Child Witnesses*, (Wash. Ct. App. June 18, 2012), https://www.courts.wa.gov/appellate_trial_courts/?fa=atc.genorders_orddisp&ordnumber=2012_001&div=III.

By amended information, the State charged Garcia with two counts of molestation in the first degree. The first count read:

> On or between June 18, 2018 and June 19, 2018, in the State of Washington, the above-named Defendant, being at least thirty-six (36) months older than the victim, had sexual contact with another person who was less than twelve (12) years old and not married to the perpetrator, to-wit: M.M., [DOB], contrary to RCW 9A.44.083.

CP at 22. The second count read:

> On or about between July 1, 2017 and July 31, 2017, in the State of Washington, the above-named Defendant, being at least thirty-six (36) months older than the victim, had sexual contact with another person who was less than twelve (12) years old and not married to the perpetrator, to-wit: M.M., [DOB], contrary to RCW 9A.44.083.

CP at 23.

At trial, Garcia cast doubt on the first count by questioning Deborah and her daughter about their handling of the nightgown and the possibility of DNA contamination.

The jury found Garcia not guilty of the first count (involving the nightgown), but guilty of the second (involving the overnight at Lisa's house). At sentencing, the trial court imposed the maximum standard range sentence. Just prior to imposing its sentence, the court stated, "I never heard a good explanation why Mr. Garcia's sperm ended up in multiple locations on this girl's nightgown. . . . [I]f your sperm is on her nightgown in

3

multiple locations and all you can say is I don't know, you've got yourself a problem

there."  Rep. of Proc. at 963-64.

Garcia appeals.

ANALYSIS

SUFFICIENCY OF AMENDED INFORMATION

Garcia argues he is entitled to a new trial because the amended information was

constitutionally deficient in that it failed to allege particular facts to protect him from

double jeopardy.  We disagree.

"A charging document must describe the essential elements of a crime with

reasonable certainty such that the accused may prepare a defense and plead the judgment

as a bar to any subsequent prosecution for the same offense."  *City of Seattle v. Termain*,

124 Wn. App. 798, 802, 103 P.3d 209 (2004).  "An 'essential element is one whose

specification is necessary to establish the very illegality of the behavior' charged."  *State*

*v. Pry*, 194 Wn.2d 745, 752, 452 P.3d 536 (2019) (quoting *State v. Johnson*, 119 Wn.2d

143, 147, 829 P.2d 1078 (1992)).  "In an information or complaint for a statutory offense,

it is sufficient to charge in the language of the statute if the statute defines the crime

sufficiently to apprise an accused person with reasonable certainty of the nature of the

accusation."  *State v. Leach*, 113 Wn.2d 679, 686, 782 P.2d 552 (1989).

4

If the charging document is challenged for the first time on appeal, we construe it liberally in favor of validity. *State v. Derri*, 199 Wn.2d 658, 691, 511 P.3d 1267 (2022). While our courts have "required charging documents to include facts that support the stated charges, there is no requirement above the 'plain, concise and definite written statement of the essential facts.' CrR 2.1(a)(1)." *State v. Canela*, 199 Wn.2d 321, 335, 505 P.3d 1166 (2022).

With respect to Garcia's particular argument, count 2 of the amended information satisfies CrR 2.1(a)(1)'s requirement of a plain, concise, and definite written statement of the essential facts. Here, the facts in the amended information stated that Garcia had sexual contact with M.M. in the State of Washington during July 2017, and sufficiently described M.M.'s age at the time of the offense, the difference in her and Garcia's ages, and stated that the two were not married.

Garcia relies heavily on *Termain*. There, the charging document alleged that the defendant had knowingly violated a domestic violence order, but failed to identify the particular order, the protected person, and it described various city codes and state statutes that were potentially violated. 124 Wn. App. at 800-01. In *Termain*, we explained for an information to be sufficient, it must "'allege facts supporting every element of the offense, in addition to adequately identifying the crime charged.'" *Id.* at 802 (internal quotation marks omitted) (quoting *State v. Kjorsvik*, 117 Wn.2d 93, 98, 812

5

P.2d 86 (1991)). We stated that the purpose of the rule is to apprise the defendant of the charge so they can present a defense. *Id.* In the opinion, we described the information filed by the city of Seattle as "gobbledygook" and concluded that the charging document failed to sufficiently apprise the defendant of the facts so that he could present a defense and also failed to specifically identify the statute that supported the charge. *Id.* at 806.

There is no comparable infirmity here. Here, the amended information contains a sufficient description of the facts and lists the specific statutory violation so Garcia could present a defense.

REAL FACTS DOCTRINE

Garcia next argues he is entitled to be resentenced because the trial court violated the real facts doctrine when it partly based its maximum standard range sentence on count 1, the count of which he was acquitted. We agree.

"In determining any sentence other than a sentence above the standard range, the trial court may rely on no more information than is admitted by the plea agreement, or admitted, acknowledged, or proved in a trial or at the time of sentencing." RCW 9.94A.530(2). This statute codifies the "real facts" doctrine. Our Supreme Court has interpreted the doctrine as "excluding consideration during sentencing of uncharged crimes or charged crimes which were later dismissed." *State v. Houf*, 120 Wn.2d 327, 332, 841 P.2d 42 (1992).

6

No. 39866-8-III
*State v. Garcia*

Here, the jury acquitted Garcia of count 1, the charge involving M.M.'s nightgown. Because the jury acquitted him of this charge, the trial court dismissed it. By considering this dismissed charge, the trial court violated the real facts doctrine. We remand for resentencing.

Affirmed in part, remanded for resentencing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

WE CONCUR:

Staab, J.

Cooney, J.