18 P.3d 596 (2001)
104 Wash.App. 935
STATE of Washington, Respondent,
v.
Kyle D. CLOWES, Appellant.
No. 25325-9-II.
Court of Appeals of Washington, Division 2.
February 15, 2001.
*598 Thomas Edward Doyle, Robert Quillian, Hansville, Court Appointed, for Appellant.
Carol L. Case, Mason County Deputy Prosecuting Attorney, Shelton, for Respondent.
*597 SEINFELD, J.
Kyle D. Clowes appeals his convictions for interfering with the reporting of domestic violence and for violating a no-contact order. Clowes contends that the charging information and jury instructions were defective. We agree and, thus, reverse one conviction and dismiss the other.

FACTS
On May 29, 1999, Tiffany Thomas had an argument with Clowes, the father of her youngest child. Thomas later told the police that Clowes had spit in her face three times and slapped her in the mouth.
During the argument, Clowes disconnected the phone to prevent Thomas from using it. In addition, when Thomas made several attempts to leave, Clowes blocked her way. And when Thomas told her daughter to go next door, thereby suggesting that the girl call the police, Clowes stood in front of the child and said, "she didn't need to call the cops because if you do, your dad will go to jail." Report of Proceedings at 30.
At the time of the incident, there was a no-contact order in effect between Thomas and Clowes. Clowes told the police that he believed but was not sure that a no-contact order was in effect.
The State charged Clowes by information with felony violation of a no-contact order in violation of RCW 10.99.050, count I, and with interfering with the reporting of domestic violence, RCW 9A.36.150, count II. Thomas testified at trial that Clowes had accidentally hit her as he walked past her.
The jury found Clowes guilty of both counts but also found, by special verdict, that the conduct constituting the no-contact order violation was not an assault.[1] Clowes appeals both convictions.

I. INTERFERING WITH REPORTING OF DOMESTIC VIOLENCE
A. The Information
Clowes argues that count II of the information, which charges him with interfering with domestic violence reporting, is defective because it does not specify the underlying domestic violence crime or allege that he committed the crime against a family or household member. The State does not dispute that count II, viewed in isolation, is incomplete. Rather, it argues that under the liberal construction doctrine, we should consider count II in conjunction with count I, which describes both the crime of domestic violence mentioned in count II and identifies the victim as a household member.
Although an appellant may challenge a charging document's failure to include all the essential elements of the crime for the first time on appeal, we liberally construe the document in favor of its validity. State v. Davis, 119 Wash.2d 657, 661, 835 P.2d 1039 (1992); State v. Kjorsvik, 117 Wash.2d 93, *599 102, 812 P.2d 86 (1991). We first determine whether the "necessary facts appear in any form, or by fair construction can ... be found[ ] in the charging document" and, if so, whether the inartful language resulted in a lack of notice that caused actual prejudice. Kjorsvik, 117 Wash.2d at 105-06, 812 P.2d 86.
The charging document must include all essential elements of the crime to give the accused notice of the charge. Kjorsvik, 117 Wash.2d at 101-02, 812 P.2d 86; see also State v. Vangerpen, 125 Wash.2d 782, 787, 888 P.2d 1177 (1995). This essential elements rule also requires that the information "allege facts supporting every element of the offense, in addition to adequately identifying the crime charged." State v. Leach, 113 Wash.2d 679, 689, 782 P.2d 552 (1989) (emphasis omitted). But the charging document need not contain the exact statutory language if words "conveying the same meaning and import are used." Kjorsvik, 117 Wash.2d at 108-09, 812 P.2d 86; Leach, 113 Wash.2d at 686, 689, 782 P.2d 552.
Merely reciting the statutory language may not be sufficient unless the statute defines the offense with certainty. Kjorsvik, 117 Wash.2d at 98-99, 812 P.2d 86; Leach, 113 Wash.2d at 686, 688, 782 P.2d 552. Here, count II of the information states in part:
That said defendant, KYLE D. CLOWES, in the County of Mason, State of Washington, on or about the 29th day of May, 1999, did commit a crime of Domestic Violence and prevented or attempted to prevent the victim of or a witness to that Domestic Violence crime from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official, contrary to RCW 9A.36.150[.]
Clerk's Papers (CP) at 40. RCW 9A.36.150, in part, defines this offense:
(1) A person commits the crime of interfering with the reporting of domestic violence if the person:
(a) Commits a crime of domestic violence, as defined in RCW 10.99-.020;[2] and
(b) Prevents or attempts to prevent the victim of or a witness to that domestic violence crime from calling a 911 emergency communication system, obtaining medical assistance, or making a report to any law enforcement official.
(2) Commission of a crime of domestic violence under subsection (1) of this section is a necessary element of the crime of interfering with the reporting of domestic violence.
Count II does not specify the underlying domestic violence crime or the identity of the victim. Although count I contains those details, this does not cure the defect in count II.[3] As we have previously ruled, we will not fill voids in a defective count with facts located elsewhere in the information. State v. Gill, 103 Wash.App. 435, 442, 13 P.3d 646 (2000). Here, as in Gill, there is no basis for the State's assertion that "elements can be plucked out of one count in a charging document and dropped into another." 103 Wash. App. at 442, 13 P.3d 646. Thus, we view count II in isolation.
Because Clowes challenges the sufficiency of the information for the first time on appeal, we construe it liberally. Kjorsvik, 117 Wash.2d at 102, 812 P.2d 86. Nonetheless, where there is no reference to the identity of the victim or to the underlying domestic violence crime, we must conclude that the information lacks essential elements. Consequently, *600 we need not address prejudice. Gill, 103 Wash.App. at 442, 13 P.3d 646; see also Kjorsvik, 117 Wash.2d at 105-06, 812 P.2d 86. The remedy is dismissal without prejudice to recharge and retry the defendant. State v. Simon, 120 Wash.2d 196, 199, 840 P.2d 172 (1992); State v. Green, 101 Wash.App. 885, 891, 6 P.3d 53 (2000), review denied, 142 Wash.2d 1018, 16 P.3d 1266 (2001).
B. Elements Instruction
Clowes also challenges instruction 9, the elements instruction on this count, claiming that it does not accurately and completely list the elements of the crime of interfering with the reporting of domestic violence. Because we dismiss the conviction based upon the inadequacy of the information, we need not address this issue.

II. VIOLATING A NO-CONTACT ORDER
A. Elements Instruction
Clowes claims that instruction 8,[4] which advised the jury of the elements necessary to convict him of violating a no-contact order, mistakenly substitutes "knowingly" for "willfully," fails to define the word "willfully," and fails to tell the jury that it must find that he willfully had contact with Thomas, that a no-contact order prohibited the contact, and that he knew of the no-contact order. Clowes took no exception to any instructions below.
Generally, we will not review an appellant's claim of trial court error where the appellant failed to object below unless it is a manifest constitutional error. RAP 2.5(a)(3). Failing to instruct the jury on an element of the charged crime is such an error; failing to define an instruction's individual terms generally is not. State v. Scott, 110 Wash.2d 682, 688 n. 5, 757 P.2d 492 (1988); see also State v. Brown, 132 Wash.2d 529, 612, 940 P.2d 546 (1997) (failing to give definitional instruction not failure to instruct on essential element).
Under RCW 10.99.050, a defendant commits the offense of violating a no-contact order when he willfully has contact with another knowing that a no-contact order exists and prohibits the contact. There are three essential elements: the willful contact with another; the prohibition of such contact by a valid no-contact order; and the defendant's knowledge of the no-contact order. See also 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 36.50 and 36.51, at 181-82 (Supp. 1998) (WPIC).
Clowes asserts that the trial court incorrectly substituted "knowingly" for the appropriate statutory intent element, "willfully." RCW 10.99.050; see also WPIC 36.51. But proof that a person acted "knowingly" is proof that they acted "willfully." RCW 9A.08.010(4).[5] And instruction 15 defines "knowingly." Because clarifying definitions of elements may be contained in separate instructions, the use of "knowingly" without further definition in instruction 8 is not a manifest constitutional error. See State v. Holt, 56 Wash.App. 99, 106, 783 P.2d 87 (1989).
*601 Clowes also argues that instruction 8 failed to advise the jury that it had to find that he willfully had contact with Thomas, that a no-contact order prohibited the contact, and that Clowes knew that there was a no-contact order. We agree with his contentions.
Although no single instruction need contain a complete statement of the law, the elements instruction serves as a "yardstick" by which the jury measures all the evidence to determine innocence or guilt; thus, it must contain all the essential elements. State v. Smith, 131 Wash.2d 258, 262-63, 930 P.2d 917 (1997); State v. Emmanuel, 42 Wash.2d 799, 819, 259 P.2d 845 (1953). Here, instruction 8 contains a single statement as to the elements, "the defendant knowingly violated the provisions of a no contact order[.]" CP at 22. As Clowes argues, the instruction is inadequate because it does not tell the jury that not only must the defendant know of the no-contact order; he must also have intended the contact.
Without this information, a jury could convict based upon evidence that a defendant who knew of a no-contact order accidentally or inadvertently contacted the victim. This clearly would not violate RCW 10.99.050. Further, the instruction fails to inform the jury that it must first find the existence of a valid no-contact order, an implicit element of the crime. See State v. Marking, 100 Wash. App. 506, 509, 997 P.2d 461 (discussing protective order issued pursuant to RCW 10.99.040), review denied, 11 P.3d 825 (2000).
Thus, although the trial court correctly defined the offense in instruction 7, CP at 21, we do not require the jury to search outside the elements instruction to supplement the elements outlined there. See, e.g., Smith, 131 Wash.2d at 262-63, 930 P.2d 917; Emmanuel, 42 Wash.2d at 819, 259 P.2d 845. Consequently, these defects in the elements instruction constitute reversible error.
B. Uncharged Alternative Means and Ineffective Assistance of Counsel
Clowes also claims that the trial court instructed the jury on an uncharged alternative means of committing the crime of violating a no-contact order and that his counsel was deficient for failing to object to this instruction.
Because we have found that the trial court committed reversible instructional error, we do not reach this issue.

III. SUFFICIENCY OF THE EVIDENCE
Finally, Clowes argues that a reversal of his no-contact order violation requires a finding of insufficient evidence to support his conviction for interfering with domestic violence reporting because the first conviction is a predicate offense for the second conviction.
When reviewing a sufficiency of the evidence claim, we must determine whether, viewing the evidence in the light most favorable to the State, any rational jury could have found the crime's essential elements beyond a reasonable doubt. State v. Joy, 121 Wash.2d 333, 338-39, 851 P.2d 654 (1993); State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). We draw all reasonable inferences in favor of the State and interpret them most strongly against the defendant. Joy, 121 Wash.2d at 339, 851 P.2d 654; Salinas, 119 Wash.2d at 201, 829 P.2d 1068.
Although Clowes characterizes his claim as a challenge to the sufficiency of the evidence, he does not assert that the evidence before the jury was not sufficient. Rather, his sole argument is that if we reverse the violation of a no-contact order conviction, we must also reverse the interfering conviction. But as we reverse the no-contact order violation based upon instructional error, not because of insufficient evidence, the sufficiency argument fails. See Lockhart v. Nelson, 488 U.S. 33, 38, 40-41, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988) (finding that evidence sufficient, including evidence later determined to be inadmissible, to support sentencing enhancement; Double Jeopardy Clause does not prohibit retrial where conviction set aside for trial error).
Nor does the statute defining interference with reporting require a domestic violence conviction. Rather, it states that the "commission" of a domestic violence crime is a *602 necessary element of the offense of interfering with domestic violence reporting. RCW 9A.36.150. Cf. RCW 9.41.040 (unlawful possession of a firearm charge requires prior conviction).
Further, the trial court instructed the jury in this case as follows: "A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count." CP at 18. We must presume that jurors follow the court's instructions and, thus, we assume they did so here. See State v. Southerland, 109 Wash.2d 389, 391, 745 P.2d 33 (1987).
Finally, Washington law allows for inconsistent verdicts. See State v. Ng, 110 Wash.2d 32, 48, 750 P.2d 632 (1988). Thus, Clowes's argument that reversing one conviction requires reversing the other on grounds of insufficient evidence is not persuasive.
We reverse and remand the conviction for violating a no-contact order and dismiss without prejudice the conviction for interfering with the reporting of domestic violence.
MORGAN, J., and ARMSTRONG, C.J., concur.
NOTES
[1] Violation of a no-contact order, otherwise a gross misdemeanor, is a felony if the violation involves an assault. RCW 10.99.050.
[2] RCW 10.99.020(3) defines domestic violence: "`Domestic violence' includes but is not limited to any of the following crimes when committed by one family or household member against another: [listing number of specific crimes including assault in the first, second, third and fourth degree; violation of restraining order; violation of a protection or no-contact order; and interfering with the reporting of domestic violence]."
[3] Count I states:

That said defendant, KYLE D. CLOWES, in the County of Mason, State of Washington, on or about the 29th day of May, 1999, did commit the crime of FELONY VIOLATION OF A NO CONTACT ORDER, in that said defendant did wilfully violate a Domestic Violence No Contact Order by assaulting Tiffany Thomas, contrary to RCW 10.99.050 and against the peace and dignity of the State of Washington.
CP at 40.
[4] Instruction 8 states:

To convict the defendant of the crime of violation of a no contact order, each of the following elements must be proved beyond a reasonable doubt:
(1) That on or about the 29th day of May 1999, the defendant knowingly violated the provisions of a no contact order, and
(2) That the acts occurred in the State of Washington.
If you find from the evidence that each of these elements have been proved beyond a reasonable doubt, then it will be your duty to return a verdict of guilty.
On the other hand, if after weighing all of the evidence, you have a reasonable doubt as to any of the elements, then it will be your duty to return a verdict of not guilty.
CP at 22. The preceding instruction, No. 7, defined the offense of violating a no-contact order: "A person commits the crime of violation of a domestic violence no contact order when he or she willfully has contact with another when such contact was prohibited [by] a no contact order and the person knew of the existence of the no contact order." CP at 21. The language of instruction 7 tracks that of WPIC 36.50, which Clowes cites in his appellate brief.
[5] RCW 9A.08.010(4) provides that: "A requirement that an offense be committed wilfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements plainly appears."