55 P.3d 1178 (2002)
STATE of Washington, Respondent,
v.
Paul G. SISEMORE, Appellant.
No. 27875-8-II.
Court of Appeals of Washington, Division 2.
October 18, 2002.
*1179 Thomas Weaver (Court Appointed), Port Orchard, WA, for Appellant.
Randall Avery Sutton, Dpty Pros Attorney, Port Orchard, WA, for Respondent.
ARMSTRONG, J.
Paul Sisemore appeals his conviction of violating a no contact order that was based on an officer's testimony that he saw Sisemore walking with the woman protected by the order. Sisemore argues that the evidence is insufficient to prove that he willfully violated the order as required by the statute. We disagree and, therefore, affirm.

FACTS
Officer Elton briefly saw Paul Sisemore walking with Susie Cuny. Elton drove up behind the pair and watched them for no more than two to three seconds. Nonetheless, Elton was certain of their identities. Elton drove past them and parked at "their house." RP (7/9/01) at 42. He verified the no contact order and then tried to find Sisemore and Cuny, but could not. Sisemore was later arrested for violating the no contact order.
After a bench trial, the trial court found Sisemore guilty of violating the no contact order. The court did not believe Cuny's testimony that she had last seen Sisemore several months before their alleged contact. It found that Sisemore and Cuny were walking together and, thus, that Sisemore knowingly violated the no contact order.
In his motion to reconsider, Sisemore argued that the State had to show more than a knowing violation; it had to prove that he willfully violated the order. The trial court denied the motion, ruling that under State v. Clowes, 104 Wash.App. 935, 18 P.3d 596 (2001), willfully means knowingly under the statute.

ANALYSIS

I. Mental Element
The information charged Sisemore under RCW 26.50.110 (domestic violencepenalties) with knowingly violating a no contact order. Several statutes authorize no contact orders; the no contact order against Sisemore was issued under chapter 10.99 RCW (criminal proceduredomestic violenceofficial response). RCW 10.99.050(2)(a) provides that a "[w]illful violation of a court order ... is punishable under RCW 26.50.110." A person acts willfully under the statutory scheme if he "acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements plainly appears." RCW 9A.08.010(4). Sisemore does not challenge the court's finding that a valid order prohibited him from any contact with Cuny. And Sisemore's violation of the no contact order is a felony because he has two prior convictions for violating no contact orders. RCW 26.50.110(5).
Sisemore contends that the public policy of "preventing convictions of people after accidental or inadvertent contact," requires the State to prove that he intentionally contacted Cuny. App. br. at 11. The statutes, RCW 26.50.110 and 10.99.050, do not specifically require an intentional contact. Rather, the statutory definition states that a person acts willfully if he "acts knowingly with respect to the material elements of the offense[.]" RCW 9A.08.010(4).
In Clowes, we held that "proof that a person acted `knowingly' is proof that they acted `willfully.'" Clowes, 104 Wash.App. at 943-44, 18 P.3d 596. But we also agreed with Clowes that the elements instruction was flawed because it contained only the single element that "`the defendant knowingly violated the provisions of a no contact order[.]'" Clowes, 104 Wash.App. at 944, 18 P.3d 596. We explained that "the instruction is inadequate because it does not tell the jury that *1180 not only must the defendant know of the no contact order; he must also have intended the contact." Clowes, 104 Wash.App. at 944-45, 18 P.3d 596. And, "[w]ithout this information, a jury could convict based upon evidence that a defendant who knew of a no-contact order accidentally or inadvertently contacted the victim. This clearly would not violate RCW 10.99.050." Clowes, 104 Wash. App. at 945, 18 P.3d 596.
We adhere to our decision in Clowes. A defendant acts willfully if he acts knowingly with respect to the material elements, including the contact element. Thus, Sisemore violated the no contact order if he knowingly acted to contact or continue contact after an original accidental contact. He did not violate the no contact order if he accidentally or inadvertently contacted Cuny but immediately broke it off. In essence, this means Sisemore must have intended the contact. This is consistent with the Supreme Court's definition of "willful" as requiring a purposeful act. State v. Danforth, 97 Wash.2d 255, 258, 643 P.2d 882 (1982).

II. Sufficiency of the Evidence
Sisemore contends that the evidence was insufficient to convict him of violating the no contact order. Evidence is sufficient to support a conviction if, taking the evidence in the light most favorable to the State, it allows any rational trier of fact to find the essential elements of the case beyond a reasonable doubt. State v. Salinas, 119 Wash.2d 192, 201, 829 P.2d 1068 (1992). The State had to show that Sisemore knew the order existed and willfully, that is, knowingly and intentionally, contacted or remained in contact with Cuny. RCW 26.50.110(2); 10.99.050(2)(a); 9A.08.010(4).
The trial court found that Sisemore knew the order had been issued and was in effect. The court also found that he knowingly violated the order because he was "walking together" with Cuny. RP 7/9/01 at 79. And Sisemore does not assign error to the court's finding that he was "walking ... with" Cuny. CP at 36. Findings of fact to which the defendant does not assign error are verities on appeal. State v. Gore, 143 Wash.2d 288, 316, 21 P.3d 262 (2001). Moreover, although the time period was brief, the evidence was sufficient to support a finding that Sisemore was knowingly and intentionally in contact with Cuny.
But Sisemore argues that there is "no evidence whether Mr. Sisemore approached [Cuny], whether she approached him, or whether the meeting was by happenstance." App. br. at 11. The statute, however, does not require the State to prove who made the initial contact. Sisemore violates the statute if he knowingly and intentionally maintained contact that started accidentally or by happenstance. And the court's finding that Sisemore was walking with Cuny is sufficient to support the legal conclusion that Sisemore's contact was willful. In addition, Sisemore did not defend on the basis of an accidental contact. Instead, he offered Cuny's testimony that she was not the woman the officer saw with him. The trial court was entitled to consider this in deciding whether Sisemore's contact was willful.
Viewing the evidence most favorably to the State, Sisemore knew he was prohibited from contacting Cuny, yet chose to walk down the street with her. This is sufficient to convict Sisemore of violating the statute. Accordingly, we affirm.
HOUGHTON, J., and QUINN-BRINTNALL, A.C.J., concur.