FILED
COURT OF APPEALS
DIVISION II

2013 DEC 17 AM 8: 51

STATE OF WASHINGTON

BY_____
                  DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44653-7-II |
| Respondent, | |
| v. | |
| CHARLES E. WASHINGTON, | UNPUBLISHED OPINION |
| Appellant. | |

JOHANSON, A.C.J. — Charles E. Washington appeals his jury trial conviction for felony violation of a post-conviction no-contact order, domestic violence, claiming the State failed to present sufficient evidence to support his conviction. Because the State sufficiently proved Washington's conviction, we affirm.

## FACTS

On May 29, 2012, Olympia Police Officers Shawn Lindros and Jason Watkins responded to an anonymous complaint of a possible domestic disturbance at a residence. When the officers arrived at the residence, Officer Lindros heard a male and female arguing inside. After Officer Lindros knocked and announced his presence, he looked through a window into the house and observed a female and a male, later identified as Shannon Nunn and Washington, exiting the same room inside the residence. Nunn shouted at Washington and slowly walked toward the front door; Washington ran to the back of the house. After Officer Lindros pursued and placed Washington in wrist restraints, the officers determined a no-contact order prohibited Washington

from contacting Nunn. A court issued the order on September 28, 2011, it expires September 28, 2016, and Washington signed the order.

ANALYSIS

SUFFICIENT EVIDENCE

Washington argues the State offered insufficient evidence to prove he knowingly violated the protection order. We disagree because the jury could have rationally concluded that Washington was aware he was violating the protection order.

We review claims of insufficient evidence to determine whether, "after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found guilt beyond a reasonable doubt." *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). We draw all reasonable inferences from the evidence in favor of the State and against the defendant. *Salinas*, 119 Wn.2d at 201. A sufficiency challenge admits the truth of the State's evidence and all reasonable inferences from it. *State v. Theroff*, 25 Wn. App. 590, 593, 608 P.2d 1254, *aff'd*, 95 Wn.2d 385, 622 P.2d 1240 (1980). We leave credibility determinations to the fact finder and do not review them on appeal. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

To prove felony violation of a no-contact order, the State needed to prove beyond a reasonable doubt that Washington knew of the existence of a no-contact order and that he knowingly violated that order. *See* RCW 26.50.110. A person acts knowingly if "he or she is aware of a fact, facts, or circumstances or result described by a statute defining an offense." RCW 9A.08.010(1)(b)(i).

A knowing violation of a no-contact order exists when, regardless of which party contacted the other, the defendant maintains contact with the protected party. *State v. Sisemore*,

2

114 Wn. App. 75, 78, 55 P.3d 1178 (2002). In *Sisemore*, an officer observed Sisemore walking down the street with a woman he was prohibited from contacting by a no-contact order. 114 Wn. App. at 76. Sisemore argued there was insufficient evidence to prove he knowingly violated the no-contact order because there was no evidence to show he initiated the contact. *Sisemore*, 114 Wn. App. at 79. We held that RCW 26.50.110 does not require the State to prove which party made the initial contact and affirmed Sisemore's conviction. *Sisemore*, 114 Wn. App. at 78.

Here, the State offered sufficient evidence to convince any rational trier of fact that Washington knew a no-contact order existed. The State offered a domestic violence no-contact order that prohibited Washington from contacting Nunn, and Washington had signed the order. The jury could have rationally concluded that Washington knew the no-contact order existed.

The State also offered sufficient evidence to convince any rational trier of fact that Washington knowingly violated the no-contact order. Officers responded to a possible domestic disturbance at a residence and heard male and female voices arguing inside. Officer Lindros observed Nunn and Washington exit the same room within the house. Taking the evidence in the light most favorable to the State, the jury could have rationally concluded that Washington and Nunn were in contact from the time officers were dispatched to the time they arrested Washington, and thus could have found that Washington knowingly violated the no-contact order because he maintained contact with Nunn.

While Washington argues that the State failed to prove who lived at the residence to which police responded, and thus failed to prove who initiated the contact, *Sisemore* demonstrates that proving who initiated the contact is not necessary to convict a defendant of violating a no-contact order. 114 Wn. App. at 79. The State only needed to prove that the

No. 44653-7-II

defendant remained in contact with the protected party. *Sisemore*, 114 Wn. App. at 79. Like *Sisemore*, where an officer's observation of Sisemore and the protected party walking down the street together sufficiently showed that Sisemore knowingly violated the no-contact order, here Officer Lindros's observation of Washington and Nunn exiting the same room after hearing them argue sufficiently showed that Washington knowingly violated his no-contact order.

Viewing the evidence most favorably to the State, Washington knew he was prohibited from contacting Nunn, yet he chose to remain in a residence and argue with her. That is sufficient to support the jury's verdict. Accordingly, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Johanson, A.C.J.

We concur:

Penoyar, J.

Hunt, J.

4