**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No.   16-30124 |
| Plaintiff-Appellee, | D.C. No. 2:09-cr-00356-RSM |
| v. | |
| DAVID DEMARIUS ROUTE, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, Chief Judge, Presiding

Submitted September 27, 2016[**]

Before:     TASHIMA, SILVERMAN, and M. SMITH, Circuit Judges.

David Demarius Route appeals the district court's revocation of supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Route contends that the district court violated Federal Rule of Criminal

Procedure 32.1 and his due process right to confront witnesses at his revocation

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

hearing by admitting hearsay testimony. We review de novo. *See United States v. Perez*, 526 F.3d 543, 547 (9th Cir. 2008). Assuming that the out-of-court statements at issue constitute hearsay, any error in the admission of those statements was harmless because the district court did not rely on the statements in revoking Route's supervised release. *See id.*

Route also contends that there was insufficient evidence to find that he violated the terms of his supervised release by knowingly violating a no contact order. When a sufficiency challenge is raised, "we ask whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the essential elements of a violation by a preponderance of the evidence." *United States v. King*, 608 F.3d 1122, 1129 (9th Cir. 2010) (internal quotation marks omitted). Viewing the evidence in the light most favorable to the government, the district court did not err in determining that Route knowingly violated the no contact order in violation of Washington law by engaging in a verbal altercation with the protected person and by being within 1,000 feet of the protected person's residence. *See State v. Sisemore*, 55 P.3d 1178, 1180 (Wash. Ct. App. 2002).

**AFFIRMED.**