IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION  II

| | | |
|---|---|---|
| STATE OF WASHINGTON, | | No.  48407-2-II |
| Respondent, | | |
| v. | | |
| SOK BUN, | | UNPUBLISHED OPINION |
| Appellant. | | |

JOHANSON, J. — Sok Bun appeals his jury trial conviction for felony violation of a postconviction no-contact order.  Bun argues that the State produced insufficient evidence to prove he violated the no-contact order.  We hold that sufficient evidence supports the jury's verdict, and we affirm.

FACTS

On May 9, 2015, Officer Kim Seig went to the residence of Samamie Sangpol in response to a 911 call.  Sangpol told Officer Seig that her son, Bun, had taken his son from her residence and had not returned.  Officer Seig determined that there was a valid no-contact order in place between Bun and Sangpol.

Officer Seig remained in the area to see if Bun would return.  Approximately 10 minutes after speaking with Sangpol, Officer Seig noticed a flashlight shining near the end of the block, which was within 500 feet of Sangpol's apartment.  Officer Seig approached and saw Sangpol speaking with Bun.  Officer Seig arrested Bun for violation of the no-contact order.

The State charged Bun for felony violation of a no-contact order.[1,2]  At trial, Officer Seig testified to the above facts.  Bun stipulated that he had two prior convictions for violating a no-contact order.  A jury found Bun guilty as charged.

ANALYSIS

Bun argues that the State produced insufficient evidence to prove he committed felony violation of a postconviction no-contact order.  Specifically, Bun contends the State failed to prove that Bun initiated contact with Sangpol, and thus did not knowingly violate the no-contact order.  Because the State is not required to prove who initiated the contact, we disagree.

In determining whether sufficient evidence supports a conviction, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt.  *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182, 185 (2014).

To prove felony violation of a no-contact order, the State must prove beyond a reasonable doubt that Bun had two prior convictions for violations of a no-contact order, that he knew of the current existence of a no-contact order, and that he knowingly violated that order.  RCW 26.50.110(5).  A knowing violation of a no-contact order exists when, regardless of which party contacted the other, the defendant maintains contact with the protected party.  *State v. Sisemore*, 114 Wn. App. 75, 78, 55 P.3d 1178 (2002).  RCW 26.50.110 does not require the State to prove which party made the initial contact.  *Sisemore*, 114 Wn. App. at 79.

Viewing the evidence in the light most favorable to the State, we hold that any rational trier of fact could have found the elements of a felony violation of a no-contact order beyond a

---

[1] RCW 26.50.110(5); RCW 10.99.020, .050.

[2] The State also charged Bun with bail jumping.  That charge is not part of this appeal.

reasonable doubt. *Homan*, 181 Wn.2d at 105. First, Bun stipulated that he had two prior convictions for violation of a no-contact order. Second, Bun does not dispute that he was aware of a valid no-contact order, which he signed. Finally, the evidence shows that Officer Seig witnessed Bun speaking to Sangpol within 500 feet of her residence.

This evidence is sufficient to show that Bun maintained knowing contact with Sangpol to support a finding that Bun knowingly violated a no-contact order. Because RCW 26.50.110 does not require the State to prove which party initiated the contact, Bun's argument fails. Consequently, sufficient evidence supports the jury's verdict.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, A.C.J.

WORSWICK, J.