# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  55898-0-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| HENRY ESTUAR PAGUADA BARRIENTOS, | |
| Appellant. | |

WORSWICK, J. — Henry Estuar Paguada Barrientos appeals his conviction for felony violation of a no-contact order—domestic violence.  He argues that the State produced insufficient evidence to prove beyond a reasonable doubt that he knowingly or willfully violated the no-contact order by running past his estranged wife's home while being chased.  We agree and reverse Barrientos's conviction and remand to the superior court to vacate the conviction.

FACTS

Around 8:00 AM one morning in September 2020, William Peters heard a loud bang from the side of his home in space 36 in Hunter's Walk trailer park in Centralia, Washington.  Peters saw Barrientos walking along the side of his home and asked him what he was doing in his backyard.  Barrientos began to run east away from the area.  Peters, his daughter, and his son-in-law pursued Barrientos as he fled the area, running through private yards and jumping fences.  As he fled, Barrientos ran in front of his estranged wife, Lisbeth Metzy-Marroquin's, trailer—space 106.

Barrientos ran into an apartment when its resident opened the door to take the garbage outside. Law enforcement ultimately found Barrientos inside the apartment and arrested him for residential burglary and third degree assault. The officers discovered a domestic violence no-contact order prohibited Barrientos from having contact with Metzy-Marroquin, including coming within 500 feet of her residence.

The State charged Barrientos with residential burglary, third degree assault, and felony violation of a court order—domestic violence. Barrientos waived his right to a jury trial. Following a bench trial, the trial court entered findings of fact and conclusions of law concluding that the State presented insufficient evidence to prove the residential burglary or third degree assault charges. The trial court also concluded that the evidence at trial proved beyond a reasonable doubt that he knowingly violated the conditions of a valid no-contact order and thus the State proved that Barrientos committed felony violation of a no-contact order—domestic violence.

Barrientos appeals his conviction.

ANALYSIS

Barrientos argues that the State produced insufficient evidence that he willfully violated the no-contact order because the evidence showed only that he inadvertently or accidentally violated the terms of the no-contact order by running past Metzy-Marroquin's home while being chased. We agree.

The State has the burden to prove every element of the crime charged beyond a reasonable doubt. U.S. Const. amend. XIV; Wash. Const. art. I, § 3; *In re Winship*, 397 U.S. 358, 364, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). To determine whether sufficient evidence

supports a conviction, we view the evidence in the light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d 182 (2014). A claim of insufficient evidence admits the truth of the State's evidence and all reasonable inferences that can be drawn therefrom. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "Findings of fact to which the defendant does not assign error are verities on appeal." *State v. Sisemore*, 114 Wn. App. 75, 78-79, 55 P.3d 1178 (2002).

Barrientos was convicted of felony violation of a no-contact order under RCW 26.50.110(5). In order to secure a conviction under former RCW 26.50.110, the State must prove the willful contact with another that a valid no-contact order prohibits, and the defendant's knowledge of the no-contact order. *State v. Briggs*, 18 Wn. App. 2d 544, 550, 492 P.3d 218 (2021); RCW 10.99.050(2)(a). Here, Barrientos challenges only whether the State proved his contact with Metzy-Marroquin was willful. "Willfulness requires a purposeful act." *State v. Washington*, 135 Wn. App. 42, 49, 143 P.3d 606 (2006). Accidental or inadvertent contact that is immediately broken off is insufficient to support a finding that one willfully violated a protection order. *Sisemore*, 114 Wn. App. at 78.

Here, even taking the evidence in the light most favorable to the State—as we must—the evidence is insufficient to find that Barrientos's contact with Metzy-Marroquin was willful. The trial court's only finding regarding Barrientos's contact with Metzy-Marroquin is that Barrientos ran in front of her trailer space as he fled from Peters and Peters's daughter and son-in-law. Nothing in the record suggests that he spent any sustained time within 500 feet of Metzy-Marroquin's home or made any contact beyond running past the front of it. Such brief contact

No. 55898-0-II

was nothing more than inadvertent and is insufficient to support a finding that Barrientos made willful contact in violation of the no-contact order.

Accordingly, we hold that there was insufficient evidence to support Barrientos's conviction, and we reverse and remand to the superior court to vacate the conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, P.J.

We concur:

Maxa, J.

Lee, J.

4