## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>                              Respondent,<br><br>          v.<br><br>FERNANDO MORALES SANCHEZ,<br><br>                              Appellant. | No.  57354-7-II<br><br><br><br>PUBLISHED OPINION |

VELJACIC, J. — Fernando Morales Sanchez was found guilty by a jury of two counts of violation of a court order—domestic violence.  Morales Sanchez appeals his conviction and sentence.  He alleges that the State's comments during trial misstated the law and thereby constitute misconduct that deprived him of a fair trial.  Morales Sanchez also argues that the court exceeded its sentencing authority by issuing a no-contact order longer than the statutory maximum.  Morales Sanchez requests that we reverse and remand for a new trial.  We hold that the State misstated the law by not accurately explaining the knowledge requirement to secure a conviction for the violation, and was thereby relieved of its burden of proof.  We reverse the conviction and remand for a new trial.

FACTS

Anna Rivera Mejia procured a no-contact order prohibiting Morales Sanchez from contacting her. The State charged Morales Sanchez with two counts of violation of a court order— domestic violence. The case went to a jury.

Rivera Mejia testified at trial as to the alleged violations. According to her, she was home with her children when she heard knocking on her bedroom window. She saw Morales Sanchez outside under a tree and called the police. Rivera Mejia also testified that, about a week later, she received text messages from "Efrain Sanchez." Rivera Mejia interpreted the text messages from Spanish to English, summarizing: "He is telling me that he hates me for everything I've done to him, for not letting him see the kids. And he hopes that the kids start, like, hating on me for not letting them see their dad." Rep. of Proc. (RP) (May 26, 2022) at 100.

In closing arguments, the State made multiple comments as to the knowledge requirement of violation of a no-contact order. First, it told the jury, "This element does not say [Morales Sanchez] knew of the provisions of this order and knowingly violated this order. The knowing part refers solely to the violation." RP (May 27, 2022) at 179. Second, it repeated:

> And, again, I want to emphasize this, because out of everything I'm going to say, this is one of the most important things for you to remember. This element does not say [Morales Sanchez] knew of the provisions of this order and knowingly violated a provision of this order. What I have to prove to you is that [Morales Sanchez] knowingly violated a provision of this order. There is a big difference.

RP (May 27, 2022) at 180.

The State also showed the jury PowerPoint slides consistent with this notion. One of the slides read:

2

> Main issue in this case is knowledge of the defendant.
> - (2) That the defendant knew of the existence of this order.
> - (3) … the defendant knowingly violated a provision of this order.
>   - ❖ This element does not say "the defendant knew of the provisions of this order and" knowingly violated a provision of this order.
>   - A "knowing violation" requires that the violation not be accidental
>     - That he knowingly had contact (didn't get lost or make a wrong turn)
>     - That he knowingly called/sent text messages (no "butt dial" or text wrong person)
>     - That he knowingly came within a prohibited distance (497 feet away, not 500)
>   - This aligns with the established principle that proof of service is not an element of this crime, only knowledge of the order

CP at 24.

In rebuttal summation, the State explained the law as requiring that Morales Sanchez "[k]new of the order and knew that and knowingly violated a provision of that order. . . . The law is not [Morales Sanchez] knew the provisions of this order and knowingly violated a provision of this order." RP (May 27, 2022) at 203. This information was also presented in a PowerPoint slide:

> # Knowledge
>
> Factors contained in all the previous slides establish both knowledge elements:
>
> (2) The defendant knew of the existence of this order
>
> (3) … the defendant knowingly violated a provision of this order
>
> - Proof beyond a reasonable doubt as to the second and third elements of each offense.

CP at 30.

Also in rebuttal, the State told the jury, "The law does not require me to prove to you that [Morales Sanchez] knew of the terms of the order. All I have to prove is that he knew that there was an order and he knowingly violated." RP (May 27, 2022) at 203.

3

Morales Sanchez's counsel attempted to refute this notion in his closing argument: "To say that [Morales Sanchez is] aware that a no-contact order exists means literally nothing," because the State was required to "prove that he knew what the term was and he knowingly violated that term." RP (May 27, 2022) at 192.

Morales Sanchez was convicted by the jury as charged. The trial court sentenced Morales Sanchez to 60 months of incarceration. The trial court also imposed a no-contact provision, prohibiting Morales Sanchez from contacting Rivera Mejia through July 8, 2030. Morales Sanchez appeals.

## ANALYSIS

### I.    NO-CONTACT ORDER

A person commits the crime of felony violation of a court order when he knows of the existence of a no-contact order and knowingly violates a provision of the order, and the person has twice been previously convicted for violating the provisions of a court order. Former RCW 26.50.110 (2019).[1] The crime of willful violation of a court order has three essential elements: (1) the willful contact with another; (2) that a valid no-contact order prohibits such contact; and (3) defendant's knowledge of the no-contact order. *State v. Washington*, 135 Wn. App. 42, 49, 143 P.3d 606 (2006).

"Willfulness requires a purposeful act." *Id*. Inadvertent or accidental contact is not enough. *State v. Sisemore*, 114 Wn. App. 75, 77-78, 55 P.3d 1178 (2002). "[N]ot only must the defendant know of the no-contact order; [they] must also have intended the contact." *State v.*

---

[1] In July of 2022, after the trial on this case, chapter 26.50 RCW was repealed by LAWS OF 2021, ch. 215, § 170, and replaced with chapter 7.105 RCW.

*Clowes*, 104 Wn. App. 935, 944-45, 18 P.3d 596 (2001). Proof that a person acted knowingly is proof that they acted willfully. *Id.* at 944.

Morales Sanchez challenges the prosecution's statements as they relate to the element requiring the State to prove that Morales Sanchez knew of the no-contact order.

One of the required elements of a felony violation of a domestic violence no-contact order is that the defendant has knowledge of the no-contact order. *Id.*; Former RCW 26.50.110(1)(a). A defendant cannot be prosecuted unless they know of the existence of the order. *City of Auburn v. Solis-Marcial*, 119 Wn. App. 398, 402, 79 P.3d 1174 (2003).

A person acts with knowledge when

> (i) [h]e or [s]he is aware of a fact, facts, or circumstances or result described by a statute defining an offense; or
> (ii) [h]e or [s]he has information which would lead a reasonable person in the same situation to believe that facts exist which facts are described by a statute defining an offense.

RCW 9A.08.010(1)(b). Willfulness requires a purposeful act; advertent or accidental contact is not enough. *State v. Briggs*, 18 Wn. App. 2d 544, 550, 492 P.3d 218 (2021); *Sisemore*, 114 Wn. App. at 77-78. "[N]ot only must the defendant know of the no contact order; [they] must also have intended the contact." *Clowes*, 104 Wn. App. at 944-45. The defendant's knowledge is a question for the trier of fact. *Solis-Marcial*, 119 Wn. App. at 402.

Our Court's unpublished opinion, *State v. Taylor*, No. 50448-1-II (Wash. Ct. App. Oct. 30, 2018) (unpublished), http://www.courts.wa.gov/opinions/pdf/D2%2050448-1-II%20Unpublished%20Opinion.pdf, correctly articulates the knowledge requirement. In that case, the defendant argued that the State failed to prove he had sufficient knowledge of the no-contact order because he was not advised of the specific terms of the order. *Id.* at 4. This court disagreed with the defendant, noting that specific knowledge of the terms was not required. *Id.* at 7. Rather,

this court explained that the defendant must have knowledge of the no-contact order, *and know that their willful conduct violated the no-contact order. Id.* at 6-8. We approve of the reasoning in *Taylor* and adopt it here.

II.    PROSECUTORIAL MISCONDUCT

Morales Sanchez argues that he is entitled to a new trial because the State secured the conviction by misstating the law and relieving its burden of proof. We hold that the State made an improper remark that merits reversal.

To establish prosecutorial misconduct, Morales Sanchez must prove that the State's remarks were both improper and prejudicial. *State v. Allen*, 182 Wn.2d 364, 373, 341 P.3d 268 (2015). This determination is made in the context of the entire record and the circumstances at trial. *State v. Gregory*, 158 Wn.2d 759, 809, 147 P.3d 1201 (2006). When the State's attorney misstates the law, this amounts to improper comments in the context of prosecutorial misconduct. *See Allen*, 182 Wn.2d at 373; *State v. Warren*, 165 Wn.2d 17, 28, 195 P.3d 940 (2008).

Here, the State explained the law as requiring that Morales Sanchez "[k]new of the order and knew that and knowingly violated a provision of that order. . . . The law is not the defendant knew the provisions of this order and knowingly violated a provision of this order." RP (May 27, 2022) at 203.

We hold that this is a misstatement of the law because it fails to fully explain what a knowing violation includes and instead misleads the jury into thinking the State had to only prove Morales Sanchez knew generally of the existence of an order. Rather, the State is required to prove that Morales Sanchez knew what he was doing *and* that he knew his conduct was a violation of the order. *See Solis-Marcial*, 119 Wn. App. at 404; *Taylor*, No. 50448-1-II, slip op. at 7-8. This remark by the prosecutor fails to appreciate the distinction. Without properly explaining this

distinction to the jury, the State was relieved of its burden of proof to establish Morales Sanchez's knowledge of the no-contact order and Morales Sanchez's knowledge that his willful contact with Rivera Mejia violated the no-contact order. *See Briggs*, 18 Wn. App. 2d at 550; RCW 10.99.050(2)(a). This is a misstatement of the applicable law, and was therefore improper.

Once we find that a prosecuting attorney's statements were improper, we must then determine whether the defendant was prejudiced under one of two standards of review. *State v. Emery*, 174 Wn.2d 741, 760, 278 P.3d 653 (2012). "If the defendant objected at trial, the defendant must show that the prosecutor's misconduct resulted in prejudice that had a substantial likelihood of affecting the jury's verdict." *Id.* However, if the defendant failed to object, "the defendant is deemed to have waived any error, unless the prosecutor's misconduct was so flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *Id.* at 760-61. Because Morales Sanchez objected to this improper remark, we proceed under the first standard and ask whether that the prosecutor's misconduct resulted in prejudice that had a substantial likelihood of affecting the jury's verdict. *Id.* at 760.

In examining the context of the entire record and the circumstances at trial, there was a substantial likelihood that the misconduct affected the jury's verdict. *See Gregory*, 158 Wn.2d at 809. Specifically, the improper statement read in conjunction with the State's other remarks are ambiguous at best and do not clarify the State's burden. In fact, they blur the burden of proof and are misleading, whether intentional or not. First, it told the jury: "This element does not [require the State to prove] the defendant knew of the provisions of this order and knowingly violated this order. *The knowing part refers solely to the violation*." RP (May 27, 2022) at 179 (emphasis added). In so stating, the State suggests that it need not prove that Morales Sanchez knew his actions violated the order. This is not a complete statement of the law as explained above.

Next, the State repeated: "This element does not [require the State to prove] the defendant knew of the provisions of this order and knowingly violated a provision of this order. What I have to prove to you is that the defendant knowingly violated a provision of this order. There is a big difference." RP (May 27, 2022) at 180. This statement also does not convey to the jury that the State must prove that Morales Sanchez must have known of the no-contact order, intended the contact, and knew that the contact was a violation of the order. The State's argument further blurs the burden of proof.

There is a distinction between knowledge of the no-contact order and knowingly violating the no-contact order. A juror could understandably misinterpret the State's comment to find guilt without concluding that both required elements be proved beyond a reasonable doubt, especially in light of the State's other ambiguous comments which offered no clarification. Such an interpretation would engender prejudice and have a substantial likelihood of affecting the jury's verdict.

We hold that the State committed prosecutorial misconduct because it misstated the elements it was required to prove and thereby relieved itself of the burden of proof before the jury. This had a substantial likelihood of affecting the jury's verdict. Accordingly, reversal is required.

Because we reverse, we need not address the remaining issue regarding the court's sentencing authority.

We hold the State improperly relieved itself of its burden of proof, reverse the conviction, and remand for a new trial.

_____
Veljacic, P.J.

We concur:

_____
Price, J.

_____
Che, J.