**FILED**
**APRIL 30, 2024**
**In the Office of the Clerk of Court**
**WA State Court of Appeals Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 39419-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| RUSSELL LOUIS RUST, | ) | |
| | ) | |
| Appellant. | ) | |

FEARING, J. — This appeal asks whether a charging information alleging a

knowing violation of a no-contact order and a jury instruction requiring the State to prove

a knowing violation of a no-contact order diverged from RCW 10.99.050, which

criminalizes a willful violation of an order. Because RCW 9A.08.010(4) equates

knowledge with willfulness, we rule to the contrary. We also sustain the sufficiency of

evidence to convict Russell Rust of violating a protection order, while we remand to the

superior court to strike a victim penalty assessment.

FACTS

This prosecution arises from Russell Rust's proximity to his girlfriend Jammie

Knickerbocker. A domestic violence no-contact order precluded Russell Rust from

contact with Jammie Knickerbocker. Rust had signed the order. The no-contact order

directed that he not "knowingly enter, remain, or come within 1,000 ft of the protected person's residence, school, workplace or any known location." Ex. P1; Report of Proceedings (RP) at 184.

On July 11, 2022, at 11:00 a.m., the Hennessey Funeral Home in Spokane reported that two people trespassed on its property. When Spokane Police Officer Jared Meyer arrived at the funeral home he spotted a male and female sitting five to eight feet apart on a curb adjacent to the business. Officer Meyer identified the two as Jammie Knickerbocker and appellant Russell Rust.

A cart and baby pram, standing next to Russell Rust, contained disheveled belongings of Rust. Rust bore blisters on his face and an open wound on his arm. Based on concern for Rust being dehydrated, Officer Jared Meyer provided him water. Law enforcement transported Rust to the hospital for medical treatment.

PROCEDURE

The State of Washington charged Russell Rust with felony violation of a no-contact order. The felony, rather than gross misdemeanor charge, resulted from Rust's previous violations of a no-contact order. The information alleged:

> That the defendant, RUSSELL L. RUST, in the State of Washington, on or about July 11, 2022, *with knowledge that the Superior Court had previously issued a No Contact Order*, pursuant to No-Contact Order under 7.105, 9A.40, 9A.44, 9A.46, 9A.88, 9.94A, 10.99, 26.09, 26.26A, or 26.26B RCW, in State v. Rust, Cause No. 22-1-00211-32 for the protection of Jammie Knickerbocker, *did knowingly violate said order by knowingly violating a provision of the order prohibiting the defendant from knowingly*

2

> *coming or remaining within a specified distance of the protected person*,
> contrary to RCW 7.105.450; and furthermore, the defendant has at least two
> prior convictions for violating the provisions of a domestic violence
> protection order, a sexual assault protection order, a stalking protection
> order, or a vulnerable adult protection order, an order issued under chapter
> 9A.40, 9A.44, 9A.46, 9A.88, 9.94A, 10.99, 26.09, 26.26A, 26.26B RCW,
> or a valid foreign protection order as defined in RCW 26.52.020, or a
> Canadian domestic violence protection order as defined in RCW 26.55.010.
> Furthermore, the State alleges the defendant committed the above crime
> against an intimate partner as defined by RCW 10.99.020(8).

Clerk's Papers (CP) at 14-15 (emphasis added).

After the State presented its case at trial, Russell Rust moved to dismiss the

prosecution. He argued that the information was constitutionally deficient because the

charging information failed to notify him of the element of willfulness included in the

crime of violation of a no-contact order under RCW 10.99.050. Rust also sought

dismissal on the basis that the government presented insufficient evidence to establish

that he willfully violated the order. The court denied the motion based on the reasoning

that the terms "knowing" and "willful" are interchangeable and that the State introduced

sufficient evidence to submit the case to the jury.

At the jury instruction conference, the State proposed the pattern to-convict jury

instruction. The instruction read that to convict Russell Rust of the crime of violation of

a court order, the State must prove the following five elements beyond a reasonable

doubt:

> (1) That on or about July 11, 2022, there existed a no-contact
> [order] applicable to the defendant;

3

(2)  That the defendant *knew* of the existence of this order;
(3)  That on or about said date, the defendant *knowingly* violated a provision of this order;
(4).  That the defendant has twice been previously convicted for violating the provisions of a court order; and
(5).  That the defendant's acts occurred in the state of Washington.

CP at 128 (emphasis added).

Russell Rust asked the court to include willfulness in the to-convict instruction by changing the pattern language in the third element to "the defendant willfully violated a provision of this order."  RP at 224; *cf.* 11 WASHINGTON PRACTICE: PATTERN JURY INSTRUCTIONS: CRIMINAL § 36.51.02 (5th ed. 2021).  He also asked that the jury be instructed that an act must be purposeful in order to be "willful."  The superior court instead delivered the State's proposed "to-convict" instruction.

The jury found Russell Rust guilty.  The superior court sentenced him to 24 months of community supervision in lieu of confinement as a mental health alternative sentence.  The court also imposed a $500 victim penalty assessment notwithstanding his indigency.  The superior court commented that it would have waived the assessment if permitted under law.

LAW AND ANALYSIS

Sufficiency of Charging Information

Russell Rust attacks the sufficiency of his charging information because it lacked the word "willfulness" as an element of the crime of violating a no-contact order.  Under

constitutional strictures, a charging document must include all essential elements of a

crime, statutory and nonstatutory, so as to apprise the accused of the charges against him

or her and to allow the defendant to prepare a defense. *State v. Vangerpen*, 125 Wn.2d

782, 787, 888 P.2d 1177 (1995). Omission of a statutory element of a crime in the

charging document forms a constitutional defect which may result in the dismissal of the

criminal charges. *State v. Holt*, 104 Wn.2d 315, 320, 704 P.2d 1189 (1985).

The superior court, under RCW 10.99.050, had previously issued a protection

order restraining Russell Rust's conduct. The first two subsections of RCW 10.99.050

read:

> (1) When a defendant is found guilty of a crime and a condition of
> the sentence restricts the defendant's ability to have contact with the victim,
> such condition shall be recorded and a written certified copy of that order
> shall be provided to the victim.
> (2)(a) *Willful violation* of a court order issued under this section is
> punishable under *RCW 7.105.450.*

(Emphasis added.) In turn, RCW 7.105.450, referenced in Rust's charging information,

proclaims in part:

> (1)(a) Whenever a domestic violence protection order . . . and the
> respondent or person to be restrained *knows* of the order, a violation of any
> of the following provisions of the order is a gross misdemeanor, except as
> provided in subsections (4) and (5) of this section:
> (i) The restraint provisions prohibiting acts or threats of violence
> against, or stalking of, a protected party, or the restraint provisions
> prohibiting contact with a protected party;
> . . . .

5

(iii) A provision prohibiting the person from knowingly coming within, or knowingly remaining within, a specified distance of a location, a protected party's person, or a protected party's vehicle.

(Emphasis added.) A violation of RCW 7.105.450 demands knowledge of the order, while RCW 10.99.050 requires a willful violation. Not only must the defendant know of the no-contact order; he must also have intended the contact. *State v. Briggs*, 18 Wn. App. 2d 544, 552, 492 P.3d 218 (2021).

No definition of "willful" is found in either chapter 10.99 RCW or chapter 7.105 RCW. RCW 9A.08.010(4), contrary to common parlance, equates willfulness with knowledge. The statute declares:

Requirement of Willfulness Satisfied by Acting Knowingly. A requirement that an offense be committed willfully is satisfied if a person acts knowingly with respect to the material elements of the offense, unless a purpose to impose further requirements plainly appears.

Russell Rust attacks his charging instrument as failing to allege a willful violation of the no-contact order. We agree that the information omits the term "willful," but the information alleges a "knowing" violation of the protection order in addition to Rust's knowledge of the order.

Under Washington State Supreme Court jurisprudence, our standard of review depends on whether the accused challenged the sufficiency of the charging instrument before a verdict or after a verdict. *State v. Kjorsvik*, 117 Wn.2d 93, 104-05, 812 P.2d 86 (1991). Russell Rust sought dismissal before a jury verdict. When a defendant moves to

dismiss at the close of the State's case, the strict construction test applies. *State v. Johnson*, 119 Wn.2d 143, 149-50, 829 P.2d 1078 (1992). Under this analysis, all essential elements of a crime, statutory or otherwise, must be included in a charging document. *State v. Johnson*, 119 Wn.2d 143, 147 (1992). The accused need not show any prejudice by missing elements. *State v. Johnson*, 119 Wn.2d 143, 149 (1992). Merely citing to the proper statute and naming the offense is insufficient to charge a crime unless the name of the offense apprises the defendant of all of the essential elements of the crime. *State v. Vangerpen*, 125 Wn.2d 782, 787, 888 P.2d 1177 (1995). The charging document need not use the exact words of the statute so long as the words used equivalently or more extensively signify the words of the statute. *State v. Tinker*, 155 Wn.2d 219, 221, 118 P.3d 885 (2005).

Russell Rust relies on *State v. Briggs*, 18 Wn. App. 2d 544 (2021), wherein this court held the information insufficient. The State also charged John Briggs with felony violation of a no-contact order. But the charging instrument read in a decisive difference: the defendant, "with knowledge that he was the subject of a . . . no[-]contact order . . . did violate the order." *State v. Briggs*, 18 Wn. App. 2d 544, 551 (2021). None of the words "willfully," "knowingly," or "intentionally" preceded the allegation of the violation of the order. The State only alleged knowledge of the protection order.

We deem RCW 9A.08.010(4) controlling and *State v. Sisemore*, 114 Wn. App. 75, 55 P.3d 1178 (2002) enlightening. An information charged Paul Sisemore with

"knowingly" violating a no-contact order. *State v. Sisemore*, 114 Wn. App. 75, 77 (2002). After a bench trial, the trial court found that Sisemore "knowingly" violated the no-contact order. On appeal, Sisemore emphasized that RCW 10.99.050 demanded proof of a "willful" violation of the protection order. We affirmed because "knowingly" is synonymous with "willful" under RCW 9A.08.010(4).

Although *State v. Sisemore* involved a question of sufficiency of evidence rather than adequacy of the information, the same reasoning inescapably applies to a challenge to the charging instrument. Because the information filed against Russell Rust alleged a knowing violation of the order, in addition to knowledge of the order, we reject Rust's challenge.

## Sufficiency of Evidence

Russell Rust argues that the evidence presented by the government did not establish that he willfully violated a no-contact order. According to Rust, the State does not prove a willful violation of the no contact order by establishing that he sat as close as five feet from Jammie Knickerbocker. No testimony showed that he moved toward Knickerbocker or that he interacted with her. No testimony established that he even knew of Knickerbocker's presence. He was ill at the time.

We review insufficient evidence claims for whether, when viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the elements of the charged crime beyond a reasonable doubt. *State v. Embry*, 171 Wn. App.

8

714, 742, 287 P.3d 648 (2012).  Sufficiency challenges admit the truth of the State's

evidence and all reasonable inferences drawn from it.  *State v. Embry*, 171 Wn. App. 714,

742 (2012).  In analyzing the sufficiency of evidence, this court does not treat

circumstantial evidence as less reliable than direct evidence.  *State v. Delmarter*, 94

Wn.2d 634, 638, 618 P.2d 99 (1980).  This court does not review the trier of fact's

determinations on credibility and defers to the trier of fact with respect to conflicting

testimony and the persuasiveness of evidence.  *State v. Embry*, 171 Wn. App. 714, 742

(2012).  When reviewing the sufficiency of evidence for violation of an order, the court

may infer willfulness from the conduct of the accused.  *State v. Bajardi*, 3 Wn. App. 2d

726, 733, 418 P.3d 164 (2018).

We discern sufficient information to confirm a willful violation of the no-contact

order.  At 11:00 a.m., the funeral home reported Jammie Knickerbocker and Russell Rust

seated next to each other on the curb.  The two were still sitting next to each other when

Spokane Police Officer Jared Meyer arrived on the scene.  Despite Rust's illness, no

evidence suggested that he was not aware of his surroundings.  The two were boyfriend

and girlfriend.  Rust previously was convicted of violating the order.

*State v. Bajardi*, 3 Wn. App. 2d 726 (2018) supports our decision.  Nicholas

Bajardi challenged his conviction for violation of a protection order based on

insufficiency of evidence.  An order precluded Bajardi from contact with Erin Roblin.

Law enforcement officers traveled to a wooded area in response to a report of a

9

suspicious vehicle. They heard a male and female voice. No officer testified that the two voices spoke to each other. The two approached the vehicle from opposite sides. One officer spoke to the woman in the van, Erin Roblin, while the other officer detained Bajardi. Bajardi denied speaking to Roblin. Because the limited circumstances found by law enforcement logically suggested willful contact between the two, this court held the evidence sufficient to convict Bajardi.

Jury Instruction

Russell Rust argues that instructing the jury on knowledge instead of willfulness was insufficient because it conflates two separate elements: knowledge of the no-contact order's existence versus the willful violation of the order. This argument ignores that the language of the to-convict instruction demands that the State prove that Rust both knew of the protection order and knew he was violating the order. Jury instructions suffice if they enable the parties to argue their theories of the case, are not misleading, and properly inform the jury of the applicable law. *State v. McCreven*, 170 Wn. App. 444, 462, 284 P.3d 793 (2012).

Russell Rust's trial court delivered the pattern "to-convict" jury instruction and defined "knowledge" and "intent." To repeat, "knowledge" and "willfulness" are interchangeable elements of a no-contact order violation. RCW 9A.08.010(4); *State v. Clowes*, 104 Wn. App. 935, 944, 18 P.3d 596 (2001). In *Clowes*, a challenge to jury

No. 39419-1-III
*State v. Rust*

instructions on a no-contact order violation, the court held that an instruction that used the word "knowingly," not "willfully," properly advised the jury.

Victim Penalty Assessment

Russell Rust asks this court to reverse the imposition of the victim penalty assessment in his judgment based on an amendment to the VPA statute. We grant his request.

In April 2023, the legislature amended the VPA statute and passed Engrossed Substitute House Bill 1169, 68th Leg., Reg. Sess. (Wash. 2023). The amendment, effective July 1, 2023, prohibits the imposition of the VPA on a defendant who is indigent as defined in RCW 10.01.160(3). LAWS OF 2023, ch. 449, § 1; RCW 7.68.035(4). The amended statute also requires courts to waive a VPA imposed before the amendment's effective date on motion by the defendant, if the defendant is found to be indigent as defined by RCW 10.01.160(3). RCW 7.68.035(5)(b). The statutory amendment applies retroactively to Rust's case. *State v. Ellis*, 27 Wn. App. 2d 1, 16, 530 P.3d 1048 (2023).

CONCLUSION

We affirm Russell Rust's conviction for violating a no-contact order. We remand to the superior court to strike the victim penalty assessment.

11

No. 39419-1-III
*State v. Rust*


A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Fearing, J.

WE CONCUR:


_____
Lawrence-Berrey, C.J.

_____
Pennell, J.

12